IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 2:25-cv-07205-NIQA<br><br>**DEFENDANT E MORTGAGE CAPITAL, INC.'S ANSWER TO CLASS ACTION COMPLAINT** |

Defendant E Mortgage Capital, Inc. ("Defendant"), by and through its attorneys, Polsinelli PC, for its Answer to the Class Action Complaint ("Complaint") of Plaintiff Jake Galloway ("Plaintiff"), states as follows:

## BACKGROUND

1. The allegations in Paragraph 1 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

2. The allegations in Paragraph 2 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

3. The allegations in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

4. The allegations in Paragraph 4 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

5. The allegations in Paragraph 5 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

6. The allegations in Paragraph 6 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

7. The allegations in Paragraph 7 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

8. Defendant admits that Plaintiff attempts to bring this action for violation of the TCPA, but denies that Plaintiff states a claim for which relief may be granted in the Complaint and respectfully refers all questions of law to the Court.

9. Deny.

10. Deny.

## PARTIES

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

## JURISDICTION AND VENUE

13. Defendant admits that the United States District Court for the Eastern District of Pennsylvania possesses jurisdiction over this action, but denies that Plaintiff states a claim for which relief may be granted in the Complaint and respectfully refer all questions of law to the Court.

14. Defendant admits that venue is proper in the United States District Court for the Eastern District of Pennsylvania, but denies that Plaintiff states a claim for which relief may be granted in the Complaint and respectfully refer all questions of law to the Court.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. Admit.

27. Defendant denies the allegations in Paragraph 27 of the Complaint and refers the Court to the cited document.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint and refers the Court to the cited document.

30. With respect to the allegations in Paragraph 30 of the Complaint, the referenced document speaks for itself, and Defendant denies anything inconsistent therewith.

31. With respect to the allegations in Paragraph 31 of the Complaint, the referenced document speaks for itself, and Defendant denies anything inconsistent therewith.

32. With respect to the allegations in Paragraph 32 of the Complaint, the referenced document speaks for itself, and Defendant denies anything inconsistent therewith.

33. Deny.

34. Deny.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36. Deny.

37. Deny.

38. Deny.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint.

40. The allegations in Paragraph 40 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

41. Deny.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint.

43. The allegations in Paragraph 43 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, denied.

44. Deny.

45. Deny.

46. Deny.

## CLASS ACTION ALLEGATIONS

47. With respect to the allegations in Paragraph 47 of the Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 46 as though fully set forth herein.

48. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23, but Defendant denies that class certification is appropriate in this matter.

49. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23 and that Plaintiff defines the putative classes in Paragraph 49 of the Complaint, but Defendant denies that class certification is appropriate in this matter.

50. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23 and that Plaintiff defines the putative classes in Paragraph 50 of the Complaint, but Defendant denies that class certification is appropriate in this matter.

51. Deny.

52. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23, but Defendant denies that class certification is appropriate in this matter.

53. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23 and that Plaintiff defines the putative classes in Paragraph 53 of the Complaint, but Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

54. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23 and that Plaintiff defines the putative classes in Paragraph 54 of the Complaint, but Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

55. Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

56. Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

57. Deny.

58. Deny.

59. Defendant admits that Plaintiff is bringing this action on behalf of purported classes pursuant to Fed. R. Civ. P. 23, but Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

60. Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

61. Deny.

62. Deny.

63. Defendant denies that class certification is appropriate in this matter. The remaining allegations are denied.

## COUNT I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

64. With respect to the allegations in Paragraph 64 of the Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 63 as though fully set forth herein.

65. Deny.

66. Deny.

67. Deny.

## COUNT II
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### (On Behalf of Plaintiff and the Robocall Class)

68. With respect to the allegations in Paragraph 68 of the Complaint, Defendant repeats and realleges each and every response contained in Paragraphs 1 through 67 as though fully set forth herein.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and by way of affirmative and other defenses, Defendant provides the following affirmative and additional defenses to the allegations contained

in the Complaint. Defendant reserves the right to plead additional separate and affirmative defenses that may be ascertained during the course of discovery in this action or otherwise. Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

1. The Complaint, and each individual cause of action, fails to state a claim upon which relief can be granted.

2. Plaintiff, and the putative TCPA class members he purports to represent, have not suffered a concrete or particularized injury for calls that did not connect to their respective cellular telephones or for connected calls of which Plaintiff had no knowledge.

3. Plaintiff's claims are not typical of those of the putative class.

4. Plaintiff's claims do not involve common issues of law or fact that predominate over the remaining issues of law or fact.

5. The putative class of plaintiffs is not so numerous that a collective and/or class action is appropriate.

6. Collective treatment is not appropriate in this matter because there is no centralized proof and claims would need to be determined on an individual basis per each putative class member.

7. Section 227(b)(1)(A)(iii) of the TCPA, and regulations and other authority issued by the Federal Communications Commission implementing the TCPA, impose illegal content-based restriction on speech in violation of the First Amendment of the Constitution of the United States.

8.     Plaintiff's claims are barred, in whole or in part, to the extent that he is claiming damages for calls made to cellular telephone numbers to which he is not the subscriber at the time of the call.

9.     The TCPA classes and class allegations should be stricken because the named Plaintiff's claims are not typical of the putative class members' claims.

10.    The TCPA classes and class allegations should be stricken because the identities of the TCPA class members are not ascertainable.

11.    The TCPA classes and class allegations should be stricken because Plaintiff is not an adequate class representative.

12.    Upon information and belief, the Complaint, and each and every cause of action, is barred by the applicable statute(s) of limitations.

13.    Plaintiff's claims are barred by the doctrine of unclean hands.

14.    Plaintiff's claims are barred by the doctrine of estoppel.

15.    Plaintiff's claims are barred by the doctrine of waiver.

16.    Plaintiff's claims are barred by the doctrine of laches.

17.    Plaintiff's claims for statutory damages, including such claims on behalf of members of the putative TCPA classes, are barred or otherwise limited by the Due Process Clause of the Fifth Amendment of the Constitution of the United States.

18.    Any damages suffered by Plaintiff were caused by Plaintiff's own conduct.

19.    Any damages cause to Plaintiff were caused by a party other than Defendant and not under Defendant's control.

20.    Plaintiff failed to mitigate his damages.

21. Any damages caused to Plaintiff were the result of intervening and/or superseding events and acts.

**WHEREFORE**, Defendant respectfully requests this Court dismiss the Complaint in its entirety and with prejudice, together with all other and further relief as the Court deems just and proper.

Dated: February 23, 2026					POLSINELLI PC

By:*/s/ Michael C. Hughes*
Michael C. Hughes, Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mhughes@polsinelli.com

Brendan I. Herbert, Esq.
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
(305) 921-1820
bherbert@polsinelli.com

*Attorneys for Defendant E Mortgage Capital, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, a true and correct copy of the foregoing Defendant E Mortgage Capital, Inc.'s Answer to Complaint was filed electronically with the Clerk of Court using the Electronic Document Filing System, which will send a notice of such filing to the following counsel of record:

    Jeremy C. Jackson, Esq. (Via ECF)
    BOWER LAW ASSOCIATES, PLLC
    403 S. Allen St., Suite 210
    State College, PA 16801
    Tel.: 814-234-2626
    jjackson@bower-law.com
    *Attorneys for Plaintiff*

    Anthony I. Paronich, Esq. (Via ECF)
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    (508) 221-1510
    anthony@paronichlaw.com
    *Attorneys for Plaintiff*

                                               */s/ Michael C. Hughes*
                                               Michael C. Hughes