**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAKE GALLOWAY, individually and on behalf
of a class of all persons and entities similarly
situated,

           Plaintiff

vs.

E MORTGAGE CAPITAL, INC.

           Defendant.

Case No. 25-cv-7205

**JOINT RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order dated February 24, 2026, the parties submit the following report:

    **I.**     **Counsel**

        **A. Plaintiff:**

        Anthony I. Paronich, Paronich Law, P.C.

        **B. Defendant:**

        Michael C. Hughes & Brendan I. Herbert, Polsinelli PC

        **C. Rule 26(f) Conference:**

        The parties conducted their Rule 26(f) conference on March 24, 2026.

    **II.**    **Description of Claims and Defenses**

        Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that Defendant placed unsolicited telemarketing calls and sent text messages to Plaintiff's cellular telephone number despite the number being

listed on the National Do Not Call Registry. Plaintiff further alleges that Defendant used an artificial or prerecorded voice without prior express consent. Plaintiff seeks to represent a nationwide class of similarly situated individuals who received similar communications in violation of the TCPA.

Defendant E Mortgage Capital, Inc. denies that Plaintiff states a claim for which relief may be granted in the Complaint. Specifically, Defendant denies the allegations contained in the Complaint that it violated the TCPA and that it utilized artificial or prerecorded voice features. Defendant further denies that class certification is appropriate in this matter. Defendant asserts a number of defenses, including that Plaintiff, and the putative TCPA class members he purports to represent, have not suffered a concrete or particularized injury for calls that did not connect to their respective cellular telephones or for connected calls of which Plaintiff had no knowledge. Defendant further reserves the right to supplement the information provided as discovery progresses in this matter.

## III.   Anticipated Scope of Discovery

### A.  Subjects of Discovery

Plaintiff anticipates conducting discovery regarding Defendant's dialing systems and calling practices, the existence or absence of consent, Defendant's policies and procedures relating to TCPA compliance, the identification of putative class members, and Defendant's relationships with any third-party vendors involved in the communications at issue.

Defendant anticipates conducting discovery regarding all claims and defenses asserted in this lawsuit, as well as alleged damages suffered by Plaintiff and the identity of purported class members.

### B.  Interrogatories

The parties agree that each side may serve up to 25 interrogatories.

### C.  Depositions

The parties agree that each side may take up to 10 depositions.

### D.  Experts

The parties anticipate retaining expert witnesses. Plaintiff anticipates retaining experts related to class identification.

### IV.    Proposed Case Management Deadlines

The parties propose the following deadlines:

- The parties shall exchange Rule 26(a)(1) initial disclosures on or before April 7, 2026.

- The deadline to amend pleadings or add parties shall be June 23, 2026.

- Fact discovery shall be completed by September 21, 2026.

- Plaintiff shall serve expert reports by October 21, 2026.

- Defendant shall serve expert reports by November 20, 2026.

- Rebuttal expert reports shall be served by December 4, 2026.

- Expert discovery shall be completed by December 21, 2026.

- Plaintiff shall file any motion for class certification by January 15, 2027.

- Motions for summary judgment shall be filed within 60 days after the Court rules on class certification.

## V.       Electronic Discovery

The parties anticipate entering into an agreement regarding electronically stored information ("ESI"). The parties will cooperate in good faith to address issues relating to custodians, search terms, and production formats.

## VI.      Protective Order

The parties anticipate that a confidentiality protective order will be necessary.

## VII.     Alternative Dispute Resolution

The parties do not believe that alternative dispute resolution is appropriate at this time but will revisit the issue as the case progresses and discovery is done into the size of the putative class.

## VIII.    Consent to Magistrate Judge

The parties do not unanimously consent to proceed before a United States Magistrate Judge.

RESPECTFULLY SUBMITTED AND DATED this March 24, 2026.

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Subject to Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com


POLSINELLI PC

By:/s/ Michael C. Hughes
Michael C. Hughes, Esq.
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 684-0199
mhughes@polsinelli.com

Brendan I. Herbert, Esq.
315 S. Biscayne Blvd., Suite 400
Miami, Florida 33131
(305) 921-1820
bherbert@polsinelli.com

*Attorneys for Defendant E Mortgage Capital, Inc.*

5