### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.<br><br>       Defendant. | Case No. 25-cv-7205 |

### PLAINTIFF'S MOTION TO COMPEL CALLING DATA
### THAT WILL IDENTIFY PUTATIVE CLASS MEMBERS

## INTRODUCTION

This motion concerns the sole remaining discovery dispute in this putative nationwide Telephone Consumer Protection Act ("TCPA") class action. After more than six weeks of extensive meet-and-confer efforts, the parties resolved nearly every discovery dispute without Court intervention. Defendant agreed to supplement numerous interrogatory answers, produce additional documents, amend verified discovery responses, and proceed with corporate representative discovery. Only one issue remains: Defendant's refusal to produce the class-wide calling records necessary to identify the recipients of its telemarketing campaign.

Those records lie at the heart of Plaintiff's class claims. They identify who Defendant called, when those calls occurred, the disposition of those calls, whether recipients reported wrong numbers or requested not to be called again, and other electronically maintained information that will permit Plaintiff to identify putative class members, evaluate the Rule 23 requirements, and calculate statutory damages. Defendant alone possesses this information.

Defendant's objections cannot withstand scrutiny. It asserts boilerplate objections that the request is vague, overbroad, burdensome, and outside the scope of discovery, while simultaneously representing that it is "investigating" responsive information and intends to supplement its production. Defendant offers no evidence of burden, no privilege log, no explanation of how ordinary business call records could constitute attorney work product, and no justification for withholding the very information Plaintiff must obtain to satisfy Rule 23.

Courts throughout the Third Circuit and across the country routinely compel production of precisely this type of outbound calling data in TCPA class actions because defendants cannot simultaneously oppose class certification while withholding the evidence necessary to establish it.

1

**LOCAL RULE 26.1(f) CERTIFICATION**

Undersigned counsel certifies, pursuant to Local Civil Rule 26.1(f) and Federal Rule of Civil Procedure 37(a)(1), that he has in good faith conferred with counsel for Defendant E Mortgage Capital, Inc. regarding the discovery disputes raised in this Motion to Compel. From approximately June 2026 through July 29, 2026, counsel conferred extensively by email and telephone regarding Defendant's interrogatory answers, requests for production, supplemental document production, deposition scheduling, and the production of class-wide calling data. As a result of those conferences, the parties successfully resolved the substantial majority of the disputed discovery requests, and Defendant agreed to supplement numerous interrogatory answers and requests for production. Despite those efforts, however, the parties remain at an impasse concerning Defendant's production of class-wide calling data and related information necessary to identify putative class members, requiring the filing of this Motion.

**BACKGROUND**

Plaintiff brings this putative nationwide class action under the TCPA alleging that Defendant E Mortgage Capital, Inc. sent Plaintiff unsolicited telemarketing text messages and placed multiple telemarketing calls using an artificial or prerecorded voice despite Plaintiff having no relationship with Defendant and despite Plaintiff's telephone number being listed on the National Do Not Call Registry. Plaintiff seeks to represent classes of persons who similarly received Defendant's telemarketing calls and text messages during the applicable class periods.

To prove his class claims, Plaintiff served interrogatories and requests for production seeking, among other things, Defendant's outbound calling records, recipient telephone numbers, call dates and times, disposition codes, lead source information, scrub results, and related calling

2

metadata for the relevant class period. Those materials are directly relevant to identifying putative class members, determining numerosity, evaluating common issues, and calculating statutory damages.

Defendant served responses asserting numerous objections and declining to produce much of the requested information. *See* Exhibit 1, Defendant's Discovery Responses. The parties thereafter engaged in extensive meet-and-confer efforts over approximately six weeks through numerous telephone conferences and email exchanges. As a result of those discussions, Defendant agreed to supplement numerous interrogatory answers and document responses, produce additional documents, provide amended verified discovery responses, and schedule the deposition of its corporate representative. Consequently, the parties resolved the overwhelming majority of their discovery disputes without Court intervention.

One dispute remains. Defendant continues to refuse to produce complete class-wide calling records and related information sufficient to identify the recipients of the telemarketing calls and text messages at issue, despite repeated discussions concerning that discovery and Defendant's repeated representations that it was attempting to gather and supplement that information. Because those records are essential to class certification and are solely within Defendant's possession, Plaintiff respectfully seeks the Court's assistance.

## LEGAL STANDARD

Rule 26(b)(1) provides, in pertinent part:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

Fed. R. Civ. P. 26(b)(1). Rule 26(c) authorizes a party resisting discovery to move for a protective order. Upon a showing of good cause, the court may impose restrictions on the scope or manner of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause exists only where the movant demonstrates that disclosure will result in a "clearly defined and serious injury." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). This showing must be made with specificity; "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 192 (D.N.J. 2010) (under Rule 26 standards a plaintiff is entitled to "discovery in support of allegations on behalf of the putative class).  Separately, Rule 26(b)(2)(C) requires the court—on motion or on its own—to limit the extent of discovery if the requested material "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if the request "is outside the scope permitted by Rule 26(b)(1)." See *Smith v. Navient Sols., LLC*, No. 3:17-191, at *5 (W.D. Pa. Nov. 8, 2018).

**ARGUMENT**

I.      **The Class Data Plaintiff Seeks Is Relevant to Rule 23 Certification and Damages, and Courts Routinely Compel Its Production in TCPA Cases.**

The remaining dispute concerns Request for Production No. 16:

Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors:
> (a) the date and time of the call or text;
> (b) any recorded message or script used;
> (c) the disposition or result of the call (e.g., live answer, voicemail, wrong number, opt-out, disconnected);
> (d) identifying information for the recipient (e.g., name, number dialed, lead source, or other associated fields);

4

(e) any scrub results (including against internal do-not-call lists, the National Do-Not-Call Registry, and any reassigned number database); and

(f) any coding or notation indicating "wrong number," "do not call," "opt-out," or similar.

**Objection:** Defendant objects to this Request as vague, overly broad, unduly burdensome, not reasonably limited in time, and outside the scope of this litigation. Defendant further objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege and/or work-product doctrine or that are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, Defendant states that it is investigating whether additional responsive information exists and will supplement its response if appropriate.

*See* Exhibit 1.

There is nothing unusual about this request. Courts throughout the country—including courts within this Circuit—routinely compel production of precisely this type of outbound calling data because it is indispensable to identifying putative class members and evaluating Rule 23's certification requirements.

The records Plaintiff seeks are highly relevant to the numerosity, commonality, typicality, and predominance elements of Rule 23 and the calculation of class-wide damages. Precertification discovery should be allowed where it "will reasonably assist the Plaintiffs in their attempt  to meet the requirements of class certification in this case." *Howard v. LVNV Funding, LLC*, No. 3:19-cv-93,, at *13-14 (W.D. Pa. Dec. 4, 2020). Here, Plaintiff is requesting data about telemarketing calls placed to likely class members: who was called, when they were called and why they were called. This information is essential to determining whether a TCPA class can be certified. Consequently, "[i]n most cases, some level of discovery is essential to [a Rule 23] evaluation" and allowing "discovery supporting certification motions may be necessary for sound judicial administration." *Jackson v. Locust Med., LLC*, No. 4:22-CV-00424,, at *4 (M.D. Pa. Oct. 28, 2022)

"Further, in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business

relationships with defendants or whether they consented." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93-94 (3d Cir. 2011). Consistent with those principles, courts within this Circuit routinely compel precisely the discovery Plaintiff seeks. For example, in *Frey v. Frontier Utilities Northeast LLC*, Judge Marston compelled production of unredacted outbound call records in a TCPA class action, rejecting the defendant's argument that such information could be withheld until after certification. The court explained that "the outbound call list is relevant to class certification and to the merits of [the] claim" because it can be used to determine the number of calls made to offending telephone numbers—facts directly tied to numerosity, liability, and damages. 2020 U.S. Dist. LEXIS 260620, at *6. The same is true here. Plaintiff seeks outbound calling data to identify wrong-number prerecorded calls, determine the size and composition of the class, and calculate class-wide damages. As in *Frey*, Defendant's objections to producing this information until after certification would deprive Plaintiff of the very evidence needed to meet Rule 23's requirements. As Judge Marston explained in *Frey*:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim. *See, e.g.*, *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). (*See* Doc. No. 36 at p. 12 (defining the putative class as all individuals to whom Frontier or its vendor made a non-emergency telephone call "to a cellular telephone number or to a number where the recipient is charged for the call").) It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of

6

action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation").

EAG argues that Frey is not entitled to this personal identifying information pre-class certification, but, as discussed below, the Court did not bifurcate the discovery period in this matter. As such, Frey was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information.

*Frey v. Frontier Utils. Ne. Llc*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 *5-6 (E.D. Pa. Apr. 13, 2020). The same is true here. The Court entered a single Scheduling Order requiring all fact discovery to be completed by September 21, 2026. The Court did not bifurcate discovery or postpone class discovery until after certification. Accordingly, as in *Frey*, Plaintiff is required to pursue discovery supporting both his individual and class claims during the same discovery period. Defendant therefore cannot withhold class-wide calling records until after class certification.

Courts across the country have reached the same conclusion. Similarly in *Bond v. Folsom Insurance Agency*, *LLC*, the court considered whether to compel Defendant to produce "unredacted records of the individuals that Folsom contacted with prerecorded messages." 3:24-cv-2551, ECF No. 46 (N.D. Tex. July 11, 2025). There the court concluded that "the identity and telephone numbers that [plaintiff] seeks" are "relevant to the Court's class certification inquiry" and ordered the defendant "to produce unredacted copies of the 'broadcast reports' that produced to permit [plaintiff] to conduct expert analysis, including for the purposes of class certification." *Id.* In fact the court there concluded that "[defendant's] position on what is relevant prior to certification was not substantially justified" and ordered the defendant to pay the expenses incurred in drafting a motion to compel class member data. *Id.*

Documents and information related to calls placed to likely class members are reasonably calculated to identify the number of recipients of calls made during the class period, which is

crucial to determine whether the class is so numerous to make joinder impracticable. The call lists are also relevant to the commonality requirement under Rule 23(a), for which plaintiff must show the class 'suffered the same injury ... such that the ... class claims will share common questions of law or fact" with those of the named plaintiffs.'"); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 WL 2346981, at *5 (E.D. Cal. May 30, 2017) (compelling the production of call data because "the Court agrees with the weight of authority on this matter that call logs and dialing lists are relevant to the commonality prong of the class certification inquiry. The requested list would also be relevant to Plaintiff's need to show numerosity.") (internal citation omitted); *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215 (S.D. Cal. Feb. 18, 2016) ("Upon reviewing requests 9, 28, 29, and 30, the Court agrees that the documents sought are relevant to his action. Specifically, these requests generally concern the total number of call recipients and the total number of phone calls made to them."); *Gossett v. CMRE Fin. Servs.*, 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015) (granting a motion to compel production of outbound call lists, as such lists were "relevant to the class claims and meritorious claims and defenses in this case"); *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *2-3 (N.D. Cal. Jan. 29, 2014) (compelling production of outbound call lists).

Separately, records where call recipients informed Defendant that it is calling the wrong number are relevant to class-wide damages. Because courts calculate damages under the TCPA based on the number of violations—in this case, the number of artificial or prerecorded voice messages delivered to class members during the class period—discovery regarding the number of prerecorded voice messages Defendant delivered to wrong or reassigned telephone numbers is highly relevant to damages suffered by absent class members. For this additional reason, the recordings Plaintiff seeks—which he will use to identify potential class members—are highly

relevant and this Court should compel their production. Furthermore, the TCPA also allows for a damages award to be increased, up to treble damages, if the violation is found to be knowing or willful. *See* 47 U.S.C. § 227(b)(3). The recordings are likely to show evidence that Defendant knew it was calling an individual other than the one that it intended to reach, and potentially doing so multiple times despite being told not to, like they did with Ms. Bayles. *See e.g. Bratcher v. Navient Sols., Inc.*, No. 3:16-cv-519-J-20JBT, 2017 U.S. Dist. LEXIS 35015, 2017 WL 895739, at *2 (M.D. Fla. Mar. 2, 2017) (finding both "formal and informal prior complaints" relevant to whether the defendant's actions were intentional under either the TCPA); *Osborne v. Gila, LLC*, No. 15-62585-cv-COOKE/TORRES, 2016 U.S. Dist. LEXIS 190574, 2016 WL 7508260, at *1-2 (S.D. Fla. May 24, 2016) (finding prior complaints to be relevant to whether the defendant willfully violated the TCPA); *Morser v. Hyundai Capital Am., Inc.*, No. 2:15-cv-117-FtM-29CM, 2015 U.S. Dist. LEXIS 97494, 2015 WL 4527016, at *3 (M.D. Fla. July 27, 2015) ("A finder of fact could conclude that the existence of multiple complaints suggests that Hyundai was aware it was violating the TCPA.") As such, the information should be produced.

**II.   Defendant Cannot Simultaneously Oppose Class Certification While Withholding the Evidence Necessary to Litigate Class Certification.**

Defendant's position is fundamentally inconsistent with the Federal Rules governing class actions. Defendant intends to oppose class certification, yet simultaneously refuses to produce the very records Plaintiff must rely upon to establish Rule 23's requirements. Courts consistently reject that tactic. As the Northern District of Illinois explained in a TCPA case:

> Moreover, the information plaintiff seeks in the contested first and second requests for production is clearly relevant to class discovery; specifically, to the issues of numerosity, commonality, and typicality. As explained above, plaintiff proposes a class of persons who received faxed advertisements without a proper opt out notice, with whom Quill did not have an EBR, and from whom Quill did not have prior express permission or invitation to send such faxes (Compl. at ¶ 20). Plaintiff's

9

requests seek, for example, copies of all faxed advertising documents, documents showing express permission or invitation to receive such faxes, and documents indicating an EBR with the recipients of the facsimiles.

> **As we made clear to Quill in multiple court hearings, the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified**.

*Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013) (emphasis added); *see also Central Alarm Signal, Inc. v. Business Fin. Servs., Inc.*, No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (granting motion to compel in putative TCPA class action, in part, because "the Court cannot permit [Defendant] on the one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.") (quoting *Whiteamire Clinic, P.A.*, 2013 WL 5348377, at *3); *Ossola v. Am. Express Co.*, No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) ("Call data is relevant, and thus produced as standard practice . . . in cases where the defendant is the alleged dialer.").

In the same vein, "[o]utbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable." *Thomas v. Fin. Corp. of Am.*, No. 3:19-CV-152-E, 2019 WL 5157022, at *1 (N.D. Tex. Oct. 10, 2019) (compelling the production of similar data sought here); *Doherty v. Comenity Capital Bank & Comenity Bank*, No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable."); *see also Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 WL 3894348, at *2 (S.D. Cal. June 12, 2014) ("the Court finds that the outbound dial list is relevant to

10

the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable").

Consistent with those authorities, more recent TCPA decisions continue to compel production of substantially similar call data because such records are uniquely within the defendant's possession and are essential to evaluating Rule 23. As the Northern District of Indiana explained:

> When certifying a class, the Court must find numerosity, commonality, typicality, and predominance. Fed. R. Civ. P. 23. Considering Federal Rule 23's threshold requirements, precertification discovery is appropriate to determine whether a class can be properly certified, and discovery should be sufficiently broad to allow a putative class plaintiff, like Mr. Fralish, a chance to meet these requirements.
> *    *    *
> Nevertheless, courts in class-action TCPA cases have consistently held that information regarding plaintiffs and putative class members who were called by a defendant or by others on a defendant's behalf, such as outbound call lists and the number of calls made to those recipients are relevant to the numerosity and commonality requirements listed in Rule 23. . . . Although the requested information here is not precisely a call list, it does seek to quantify the number of calls and is therefore analogous to the outbound call lists that have been found relevant to the numerosity and commonality requirements. Thus, the requested text message-related information is relevant to class certification in a way that is analogous to the relevance of call logs in these other TCPA class actions. Moreover, text messages are analogous to phone calls in other TCPA cases such that the text data requested through ROGs 7–16 and RFPs 7–14, 17, 19, 34–35 is relevant to the Rule 23 numerosity and commonality requirements for class certification applicable in this case.
> *    *    *
>
> As Digital has not shown the point at which the burden of producing this discovery outweighs its benefits, Digital has not met its burden and its undue burden objections are overruled.
>
> For the foregoing reasons, Mr. Fralish is entitled to the class related data he seeks through Interrogatories 7–16 and RFPs 7–14, 17, 19, 34–35.

*Fralish v. Digital Media Sols., Inc.*, No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9-10 (N.D. Ind. Nov. 17, 2021) (compelling the production of class data in a putative TCPA class action) (internal citations and quotations omitted); *accord Fralish v. Deliver Tech., LLC*, No. 3:20-CV-

11

00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021) ("For the foregoing reasons,

Plaintiff is entitled to the class related data he seeks through RFPs 7-14 & 33, and ROGs 9-15.").

Also analogous, in *Bellenger v. Accounts Receivable Mgmt., Inc.*, the Southern District of

Florida granted the plaintiff's motion to compel responses aimed at identifying the potential size

of the plaintiff's proposed class under the TCPA:

> In Requests for Production Nos. 15 and 16, the Plaintiff sought documents "identifying or listing the telephone numbers to which [the Defendant] placed any DIALED CALL to a cellular telephone at any time on or after January 23, 2015," or documents "that record or list every DIALED CALL" made by the Defendant during that same time period, including all documents that "identify, reflect and/or evidence the number of times each such telephone number was called." (ECF No. 21-3) The Defendant objected to these requests as overbroad, because the requests were not limited to calls placed to "wrong parties," and also stated that the requested information includes personal health information; these objections are overruled, for the reasons discussed above.

*   *   *

> Requests for Production Nos. 17 and 18 sought documents listing every person who received a call since January 23, 2015, and who informed the Defendant that: 1) the person did not wish to be called, or 2) that the Defendant had called a wrong number, or 3) that the person did not have a contract with the Defendant, and also a list of every call made to any person <u>after</u> they had provided one of the three responses above. The Defendant objected that the request was overbroad because it is not limited to cellular phones and also includes people outside the proposed class because those who did not wish to be called or who did not have a contract with the Defendant are not "wrong parties." For the reasons stated above, the Defendant's objections as to the cellular phone designation and the "wrong parties" are overruled.

> The Defendant also argues that Requests Nos. 17 and 18 are overbroad because they seek information that has no bearing on whether the Defendant had prior express consent to make the calls, but the Defendant cites no precedent for such a determination. The Court overrules the Defendant's objection because if the Defendant intends to pursue its defense that it had the prior express consent of those called, then it must produce the evidence on which it will rely. "[A]t this stage of the proceeding, [the Defendant] must produce whatever evidence of prior express consent it will use to rebut [the Plaintiff's] attempt to establish predominance under Federal Rule of Civil Procedure 23(b)(3) so the issue can fully be litigated during the class certification phase of this case." *See, e.g.*, *Medina v. Enhanced Recovery*

12

> *Company, LLC*, No. 15-14342-CIV-MARTINEZ/MAYNARD, 2017 WL 5196093,
> *8 (S.D. Fla. Nov. 9, 2017).
>
> In summary, the Defendant's objections addressed above each are overruled, and
> the Plaintiff is entitled to the information she seeks.

No. 19-60205-CIV, 2019 WL 4284070, at *5-6 (S.D. Fla. Sept. 10, 2019).

Collectively, these decisions establish a straightforward principle: a defendant may not resist class certification while simultaneously withholding the electronically maintained records necessary to identify putative class members and evaluate Rule 23. Defendant's objections are therefore contrary not only to Rule 26, but also to the overwhelming body of TCPA discovery decisions addressing this precise issue.

### III.   The Defendant's Objections Should be Overruled.

First, any issues with confidentiality could be cured by marking the documents confidential via agreement and/or protective order and those concerns cannot justify withholding the information here. The parties have agreed to a protective order that expressly contemplates the production of sensitive categories of information, including customer account records, call records, personal identifying information, and internal corporate data. Once entered, that order will provide robust confidentiality protections, allowing Defendant to designate call data and related records as confidential and limiting their use to this litigation. *See Bell v. Lockheed Martin Corp.,* No. 08-6292 (RBK/AMD), at *38-39 n.15 (D.N.J. Sep. 15, 2010) ("to the degree that discovery . . . raises special privacy concerns, those concerns may be addressed by way of a protective order limiting the distribution and use of discovery.); *Smith v. Life Inv'rs Ins. Co. of Am.*, No. 2:07-cv-681, 2009 U.S. Dist. LEXIS 96310, at *4 (W.D. Pa. Oct. 16, 2009) (privacy interests of potential fact witnesses "are adequately addressed by the Protective Order.); *see also Peters v. Credit Protection Ass'n, LP*, No. 2:13–cv–767, 2014 WL 6687146, at *7 (S.D. Ohio

13

Nov. 26, 2014) (holding that "the names and contact information of putative class members are relevant and discoverable"). A confidentiality designation and/or a protective order here will fully address any legitimate concerns while allowing Plaintiff access to the evidence necessary to test Defendant's affirmative defenses and prove the Rule 23 requirements.

Second, Defendant has never demonstrated that producing the requested information would impose an undue burden or otherwise outweigh its obvious relevance. "Merely asserting that a party will suffer an undue burden without specific estimates of staff hours needed to comply will be categorically rejected." *Gabe Staino Motors v. Volkswagen of Am.,* 2003 U.S. Dist. LEXIS 3194, *9 (E.D. Pa. 2003). Here, the Defendant identifies no burden associated with producing electronically maintained call records, and offers no explanation why the Request is disproportionate to the needs of a putative nationwide TCPA class action. Indeed, this Court in other TCPA cases have rejected far more developed burden arguments. In *Perrong v. Victory Phones, LLC*, No. 20-cv-5317, ECF No. 68 (E.D. Pa. Apr. 5, 2022), the defendant submitted an affidavit claiming that producing call records would cost $43,000. The court nonetheless compelled production, finding the call records were relevant, proportional, and necessary for class certification. *Id.* Unlike the defendant in *Perrong*, Defendant has submitted no affidavit, declaration, estimate of burden, or other evidence whatsoever supporting its undue burden objection.

Finally, Defendant's attorney-client privilege and work-product objections likewise provide no basis for withholding responsive documents. Request No. 16 seeks ordinary business records reflecting telemarketing calls, call dispositions, recipient information, scrub results, and related electronically stored information maintained in the ordinary course of Defendant's business. Such records are not confidential attorney communications, were not prepared by counsel, and were not created in anticipation of litigation. Defendant has not produced a

14

privilege log identifying a single responsive document withheld on privilege grounds, nor has it attempted to explain how any category of requested information could constitute privileged material. Boilerplate assertions of attorney-client privilege and work-product protection, unsupported by a privilege log or any factual showing, are insufficient to resist discovery and should be overruled.

Indeed, Defendant's response reflects exactly the type of unsupported boilerplate objections that Rules 33 and 34 were amended to eliminate. Generalized assertions of burden, privilege, confidentiality, and overbreadth—unsupported by facts—do not permit a party to withhold plainly relevant discovery.

### CONCLUSION

Defendant cannot simultaneously oppose class certification while withholding the very records necessary for Plaintiff to satisfy Rule 23. The Federal Rules do not permit such gamesmanship. Because the requested information is plainly relevant, proportional to the needs of the case, and routinely compelled in TCPA litigation, the Court should overrule Defendant's objections and compel production of Request for Production No. 16.

Dated: July 29, 2026                          Respectfully Submitted,

                                              */s/ Anthony Paronich*
                                              Anthony I. Paronich
                                              Paronich Law, P.C.
                                              350 Lincoln Street, Suite 2400
                                              Hingham, MA 02043
                                              (617) 485-0018
                                              anthony@paronichlaw.com

15