## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated, <br><br>         Plaintiff, <br><br> vs. <br><br> E MORTGAGE CAPITAL, INC., <br><br>         Defendant. | Case No.: 2:25-cv-07205-NIQA |

### DEFENDANT E MORTGAGE CAPITAL, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

To: Plaintiff Jake Galloway, by and through his attorney of record, Anthony I. Paronich, Esq., Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043.

Pursuant to the Federal Rules of Civil Procedure, Defendant E Mortgage Capital, Inc. ("Defendant" or "EMC") serves its Objections and Responses to Plaintiff Jake Galloway's ("Plaintiff") First Set of Discovery Requests to Defendant E Mortgage Capital, Inc. (collectively, the "Discovery Requests").

Respectfully submitted,
**HINSHAW & CULBERTSON LLP**

/s/ *Michael C. Hughes*
Michael C. Hughes, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel.: 908-292-0019
mhughes@hinshawlaw.com

Brendan I. Herbert, Esq. (*Pro Hac Vice*)
2811 Ponce de Leon Blvd, 10th Floor, Suite 1000
Coral Gables, FL 33134
(305) 938-8473
bherbert@hinshawlaw.com

*Attorneys for Defendant E Mortgage Capital, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that the following was served on the parties listed below via electronic mail on May 22, 2026.

Anthony I. Paronich, Esq.
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Attorneys for Plaintiff*

/s/ *Michael C. Hughes*

Michael C. Hughes, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel.: 908-292-0019
mhughes@hinshawlaw.com

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**                    **PAGE 2**

# I.
# GENERAL OBJECTIONS

1.      Defendant objects to the definition of "you" and "your" to the extent it includes Defendant's attorneys and thereby makes each of the requests objectionable to the extent that Plaintiff seeks information and documents that are protected by the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing, where the terms "you" and "your" are used in the Requests, Defendant will construe such term to mean E Mortgage Capital, Inc.

2.      Defendant objects to the definition of "documents" because it is overbroad, ambiguous, and includes documents that are protected by the attorney-client privilege and/or attorney work product doctrine and/or are confidential and proprietary.  Subject to and without waiving the foregoing objections, where the term "documents" is used in the requests, Defendant will give the term its plain and ordinary meaning.

3.      Defendant objects to the requests to the extent they seek disclosure of documents and information that are not relevant to Plaintiff's claims or Defendant's defenses in this lawsuit or are not proportional to the needs of the case.

4.      In responding to the requests, Defendant does not concede that the information requested is relevant to any party's claim or defense or proportional to the needs of this case.  Any response, in whole or in part, to any request is not intended to be, and should not be construed as, a waiver of all or any part of any objection to any request.  Defendant reserves all objections to the admissibility of its responses, including, without limitation, objections to relevance and materiality.  In addition, Defendant expressly reserves the right to object to further discovery and to the subject matter of the requests.

5.      The responses contained herein are based on information currently available and are subject to revision and/or supplementation upon further investigation and discovery.  Defendant reserves the right to use, and to rely upon at trial, subsequently discovered information, including without limitation fact and expert discovery.  Defendant further reserves the right to supplement and/or amend its responses to the requests as needed.  Nevertheless, Defendant undertakes no obligation to supplement and/or amend its responses except that imposed by applicable law. Defendant objects to these requests to the extent they seek disclosure of confidential information, sensitive financial information, and/or proprietary information, including but not limited to information protected by the attorney-client, work product, trade secret, and/or other privileges, which Defendant hereby asserts.  Without limiting the above, Defendant objects to those requests that seek information that has been accumulated or compiled in anticipation of litigation or for trial by or on behalf of Defendant or its attorneys and those that seek information relating to the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of Defendant.  Defendant further objects to those requests that seek attorney-client privileged communications.

6.      Defendant's investigation into the factual background of the matters alleged in this action is ongoing and incomplete at this time.  Accordingly, these answers and responses reflect only the Defendant's current knowledge of the facts to date.  Defendant therefore reserves its right to supplement, amend, and/or modify its answers and responses as its investigation continues and

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**                    **PAGE 3**

as discovery proceeds, and to rely on any such information discovered after the time of these answers and responses at any time up to and including trial. Nevertheless, Defendant undertakes no obligation to supplement, amend, and/or modify its answers and responses except that imposed by applicable law. Defendant further reserves its right to correct any answers and/or responses to any request made as a result of mistake or inadvertence, and to assert any applicable objections at any time up to and including trial. Except as expressly admitted in these answers and responses, no facts should be taken as admitted, implied, or inferred from these answers and responses. Further, no inference as to the existence of any responsive information should be made from the assertion of any objection to any of the Discovery Requests.

7.    Each answer and response herein is made subject to all objections as to competence, relevance, materiality, and admissibility, and to any and all other objections on any ground that would require the exclusion from evidence of any statements made herein if any of said statements were made by a witness testifying in court.

8.    Defendant is not obligated to, and will not, create documents that are not already in existence and/or that do not exist in a format specified by Plaintiff.

9.    Defendant objects to the instructions in the Discovery Requests because they seek to impose obligations on it inconsistent with and/or beyond the scope of what is permitted under the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**          **PAGE 4**

## II.
## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**RESPONSE:** EMC directs Plaintiff to the verification page attached hereto. Corporate responses of EMC are based upon its regularly maintained business records, which records are created at or near the time of the events recorded in said records.  These answers are prepared with the assistance of counsel and are verified by the undersigned representative of EMC, who can be reached through Hinshaw & Culbertson LLP.

**INTERROGATORY NO. 2:**        Identify all employees or vendors involved in making outbound calls as part of any campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**RESPONSE:** EMC objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**INTERROGATORY NO. 3:**        Identify and describe the work of each employee or vendor identified in response to Interrogatory No. 2.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation.

**INTERROGATORY NO. 4:**        Identify all third parties or sub-vendors used by your vendors to for you as part of your relationship with any vendor identified in response to Interrogatory No. 2.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, none.

**INTERROGATORY NO. 5:**        Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**RESPONSE:** EMC answers none.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**                    **PAGE 5**

**INTERROGATORY NO. 6:**        If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts, document(s), data field(s) and system(s) in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. EMC further objects to this Interrogatory to the extent it assumes facts that are disputed, including but not limited to any implication that EMC knowingly or intentionally contacted Plaintiff without consent or in violation of statute, and whether the phone number at issue in this case was assigned to a phone that belongs to Plaintiff. EMC also objects to this Interrogatory to the extent it seeks a legal conclusion. Subject to and without waiving said objections, EMC states that investigation is ongoing into consent for the alleged call. EMC further states that any alleged call, if placed, was isolated, inadvertent, and the result of a wrong-number contact.

**INTERROGATORY NO. 7:**        Identify each field in any CRM or lead database where consent is recorded, the vendor or platform maintaining that record, and all documents, metadata, or audit logs reflecting consent capture, storage, or transmission.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, EMC directs Plaintiff to records being produced herewith.

**INTERROGATORY NO. 8:**        If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

**RESPONSE:** EMC answers none.

**INTERROGATORY NO. 9:**        If you contend that a third party provided you with the Plaintiff's phone number, identify that third party and state all facts in support of the same.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, EMC directs Plaintiff to records being produced herewith.

**INTERROGATORY NO. 10:**        Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, and unduly burdensome. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**INTERROGATORY NO. 11:**    Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**INTERROGATORY NO. 12:**    State all facts in support of any affirmative defenses you have raised.

**RESPONSE:** EMC objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC states that Plaintiff, and the putative TCPA class members he purports to represent, have not suffered a concrete or particularized injury for calls that did not connect to their respective cellular telephones or for connected calls of which Plaintiff had no knowledge, nor are Plaintiff's claims typical of those of the putative class.

EMC further states that any alleged call placed was isolated, inadvertent, and the result of a wrong-number contact. EMC further states that no automatic telephone dialing system or pre-recorded/artificial voice was utilized. EMC's continuing investigation indicates that Plaintiff attempted to contact EMC by telephone. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure EMC directs Plaintiff to the documents being produced herewith.

Discovery is ongoing and EMC expressly reserves the right to defend this case on all other applicable grounds and/or on other facts.

**INTERROGATORY NO. 13:**    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**INTERROGATORY NO. 14:**     Identify verbatim the precise consent and disclosure language you contend Plaintiff saw and agreed to, including all hyperlinks, "marketing partners" language, seller-specific references, and any language relating to automated or prerecorded calls or texts.

**RESPONSE:** EMC objects to this Interrogatory to the extent that it assumes facts not established and seeks legal conclusions regarding consent under the TCPA. EMC further objects as vague and overbroad insofar as it requests "all hyperlinks," "marketing partners," and "seller-specific references" without definition or limitation. EMC also objects to this interrogatory as a contention interrogatory.  "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy is to defer contention interrogatories until discovery is near an end." *Ziemack v. Centel Co.*, 1995 U.S. Dist. LEXIS 18192, at *5 (N.D. Ill. Dec. 6, 1995).  Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period.  *In re: Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 335 (N.D. Cal. 1985). Subject to and without waiving these objections, EMC further states that any alleged call, if placed, was isolated, inadvertent, and the result of a wrong-number contact. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, EMC directs Plaintiff to the documents being produced herewith.

**INTERROGATORY NO. 15:**     Describe your understanding of what the LeadID/Jornaya playback does and does not capture, including whether it records scrolling, text visibility, hyperlink interaction, font size, or whether the consumer actually read the consent disclosures.

**RESPONSE:** EMC objects to this Interrogatory as premature given the state of this litigation. EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation.

**INTERROGATORY NO. 16:**     Identify all litigation, arbitration, or pre-suit complaints (other than this case) alleging TCPA or telemarketing violations against you or any vendor during the Relevant Time Period.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, not reasonably limited in time, and outside of the scope of this litigation. This Interrogatory seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Interrogatory to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**INTERROGATORY NO. 17:**     Identify and describe all procedures you contend constitute a "safe harbor" under the TCPA, including any reliance on 47 C.F.R. § 64.1200(c)(2)(i) and associated documents that support such an assertion.

**RESPONSE:** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, not reasonably limited in time, and outside of the scope of this litigation. EMC further objects to this interrogatory as a contention interrogatory.  "[C]ontention interrogatories require the answering party to commit to a position and give factual specifics supporting its claims. The general policy

is to defer contention interrogatories until discovery is near an end." *Ziemack v. Centel Co.*, 1995 U.S. Dist. LEXIS 18192, at \*5 (N.D. Ill. Dec. 6, 1995). Because discovery and claim investigation can change contentions and supporting information, contention interrogatories, if allowed at all, should be used only at the end of the discovery period. *In re: Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 335 (N.D. Cal. 1985). Subject to and without waiving this objection, EMC states that any alleged call, if placed, was isolated, inadvertent, and the result of a wrong-number contact.

**INTERROGATORY NO. 18:**    Identify all persons most knowledgeable regarding your telemarketing compliance, vendor oversight, and use of dialing platforms during the Relevant Time Period.

**RESPONSE: :** EMC objects to this Interrogatory as vague, overly broad, unduly burdensome, not reasonably limited in time, and outside of the scope of this litigation. Subject to and without waiving this objection, EMC directs Plaintiff to the individual listed on the verification page attached hereto.

Dated: May 22, 2026                    Respectfully submitted,

                                       **HINSHAW & CULBERTSON LLP**

                                       /s/ *Michael C. Hughes*
                                       Michael C. Hughes, Esq.
                                       111 Wood Avenue South, Suite 210
                                       Iselin, New Jersey 08830
                                       Tel.: 908-292-0019
                                       mhughes@hinshawlaw.com

                                       Brendan I. Herbert, Esq. (*Pro Hac Vice*)
                                       2811 Ponce de Leon Blvd, 10th Floor, Suite 1000
                                       Coral Gables, FL 33134
                                       (305) 938-8473
                                       bherbert@hinshawlaw.com

                                       *Attorneys for Defendant E Mortgage Capital, Inc.*

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing statements made in response to the Responses and Objections to Plaintiff's Interrogatories are true and correct.

E Mortgage Capital, Inc.

Dated:   5/20/2026

*Alfred E. Ward*

Name: Alfred E. Ward
Title: Director of HR

### III.
### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Documents responsive to this Request are produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**RESPONSE:** Documents responsive to this Request are produced herewith.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**RESPONSE:** Documents responsive to this Request are produced herewith. EMC also incorporates any documents proffered as part of the pleadings in this matter, along with discovery received from Plaintiff.

**REQUEST FOR PRODUCTION NO. 4:**  Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. This Request seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 5:**  Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls. This request, but is not limited to, any written complaints (litigation or pre-litigation) received by you, any response sent, and any internal correspondence about the same.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. This Request seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature.

**REQUEST FOR PRODUCTION NO. 6:**  All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**          **PAGE 11**

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 8:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 9:** All communications with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 10:** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking

documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 11:** All communications with any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 12:** All internal communications at your company regarding any third party that provided you the Plaintiff's telephone number.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. EMC further objects to this Request to the extent it assumes facts that are disputed. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. EMC further objects to the phrases "acts alleged by Plaintiff" and "all communications" as vague and ambiguous. Subject to and without waiving the foregoing objections, EMC answers that it is investigating the existence and applicability of potentially responsive insurance policies and will supplement this response as applicable.

**REQUEST FOR PRODUCTION NO. 14:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**                    **PAGE 13**

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and outside of the scope of this litigation. EMC further objects to this Request to the extent it assumes facts that are disputed. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers that it is investigating the existence and applicability of potentially responsive indemnification agreements and will supplement this response as applicable.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:

      (a)     compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;

      (b)     obtaining or verifying prior express consent;

      (c)     complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC further objects to this Request to the extent it assumes facts that are disputed. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC will product responsive, non-privileged documents in its possession upon the execution of a joint confidentiality or protective order

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents containing any of the following information for each outbound telemarketing call or text sent by you or your vendors:

    (a)    the date and time of the call or text;

    (b)    any recorded message or script used;

    (c)    the disposition or result of the call (e.g., live answer, voicemail, wrong number, opt-out, disconnected);

    (d)    identifying information for the recipient (e.g., name, number dialed, lead source, or other associated fields);

    (e)    any scrub results (including against internal do-not-call lists, the National Do-Not-Call Registry, and any reassigned number database); and

    (f)    any coding or notation indicating "wrong number," "do not call," "opt-out," or similar.

**OBJECTIONS AND RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**       **PAGE 14**

**RESPONSE:** EMC Bank objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, documents responsive to this Request are produced herewith.

**REQUEST FOR PRODUCTION NO. 17:** All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 18:** All training materials, PowerPoints, or compliance certifications provided to employees or vendors regarding the TCPA.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC will product responsive, non-privileged documents in its possession upon the execution of a joint confidentiality or protective order.

**REQUEST FOR PRODUCTION NO. 19:** All documents reflecting your review, approval, audit, or verification of the webpage, form, or consent language depicted in the LeadID/Jornaya playback relied upon in this case.

**RESPONSE:** EMC objects to this Request as vague, overly broad, unduly burdensome, and not reasonably limited in time or scope. EMC also objects to this Request as premature given the state of this litigation. This Request seeks documents or information which are not necessary for or relevant to the prosecution or defense of any claims in this litigation. Subject to and without waiving the foregoing objections, EMC answers none.

**REQUEST FOR PRODUCTION NO. 20:** All communications between Defendant and any other vendor concerning campaign setup, lead sources, or consent verification.

**RESPONSE:** EMC objects to this Request as vague, overly broad, and unduly burdensome. EMC also objects to this Request as seeking documents outside of the scope of this litigation which are not necessary for or relevant to the prosecution or defense of any claims in this action. EMC further objects to this Request to the extent it is seeking documents or information which are protected by the attorney-client privilege and/or the work-product doctrine, or which are otherwise proprietary or confidential in nature. Subject to and without waiving the foregoing objections, EMC answers none.