**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 2:25-cv-07205-NIQA |

**DEFENDANT E MORTGAGE CAPITAL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

HINSHAW

***Attorneys for Defendant***
***E Mortgage Capital, Inc.***
**111 Wood Avenue South, Suite 210**
**Iselin, New Jersey 08830**
**Telephone (908) 374-0320**

Defendant E Mortgage Capital, Inc. ("Defendant"), by and through their attorneys Hinshaw & Culbertson LLP, submit this Memorandum of Law in opposition to Plaintiff's Jake Galloway's ("Plaintiff") Motion to Compel Discovery (the "Motion").

**INTRODUCTION**

In this TCPA lawsuit, Plaintiff seeks to represent a class of persons who allegedly received unwanted telephone calls from Defendant. The parties have engaged in discovery and Defendant has indicated to Plaintiff that any telephone calls made to him were inadvertent and not made because it received his contact information. Plaintiff has continued to seek additional documents and information in discovery centering upon years of telephone call data – essentially all communications made by Defendant for the past five years – for the purpose of determining whether there are other individuals who could substantiate a class at this pre-certification stage. The request has not been narrowly tailored for the purpose of developing Plaintiff's claims, but rather as a fishing expedition to see whether there is even a class to certify, which is improper.

Plaintiff's Motion seeks to have this Court compel Defendant to provide all documents and call data for "each outbound telemarketing call or text" it allegedly sent for a period of over five years, for the limited purpose of trying to identify would-be class members at this pre-certification stage. *See* Motion, pages 2-3. Rather than seek this information for the purpose of developing the merits of the existing claims in the case, Plaintiff is requesting this broad category of information to improperly recruit class members.

Moreover, there is no dispute that producing these documents would require an extensive manual review of each putative class member's account, which is unduly burdensome and not proportional to the needs of this case.

Plaintiff's demand invades the privacy interests of non-parties and is otherwise premature without a showing of viability of a class. For the reasons enumerated below, the Motion should be denied.

## ARGUMENT

### POINT I

### DISCOVERY OF NAMES AND ADDRESSES OF PUTATIVE CLASS MEMBERS BEFORE CLASS CERTIFICATION IS IMPROPER

At issue in this Motion is Plaintiff's Request for Production Number 16, seeking, among other things, all documents relating to each outbound telemarketing call or text sent by Defendant, including information such as identifying personal contact information for the recipient, recorded messages or scripts, and the disposition of any such communication. *See* Motion at pages 4-5. Plaintiff contends that he needs this call data and related documents to "identify potential class members." *See* Motion at p. 8. However, the law is clear that a would-be class representative is not normally entitled to "identify" the personal information of putative class members unless he can articulate a compelling reason why the information is needed. Here, Plaintiff has not; and instead simply argues that he needs this information for class certification as Plaintiff admits that he wants to scour over five years of telephone calls for the chance that he may uncover other members of the putative class.

As an initial matter, it is well-established that class members' names and addresses are not, per se, within the scope of legitimate discovery prior to class certification. Federal courts thus routinely hold that personal identifying information such as names, addresses and contact information of putative class members is not discoverable at the pre-certification stage. *See, e.g.*, *Deibler v. Sanemdica Int'l, LLC*, No. 19-20155, 2021 U.S. Dist. LEXIS 247974, at *29 (D.N.J. Dec. 30, 2021) (rejecting the disclosure of names and identities of putative class members because

the plaintiff had not established any need for the identities of the putative class members at the pre-certification stage); MCLAUGHLIN ON CLASS ACTIONS § 11:1 (17th ed.) ("[C]ourts ordinarily will not permit putative class counsel to obtain discovery of class members' identities at the precertification stage.")

Indeed, courts have reasoned that providing the identities (and other information) of putative class members before certification is inappropriate because of privacy concerns and because the discovery process should not be used to locate potential new plaintiffs. *See Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 U.S. Dist. LEXIS 170247, at *3 n. 5 (E.D. Pa. May 12, 2016) (rejecting the plaintiff's objections to redaction of the names of putative class members because pre-certification discovery of class members identities is not generally permitted and because such information could be used to identify potential new clients); *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701, 2016 US Dist LEXIS 48451, at *13 (MD Fla Apr. 11, 2016) (rejecting request for identities of putative class members as irrelevant prior to class certification and indicating that the plaintiff's request for such information was potentially to locate new class representatives); *Dziennik v Sealift, Inc.*, No. 05-CV-4659, 2006 US Dist LEXIS 33011, at *3-4 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification."); *see also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) (holding district court did not err in denying request for production of names of similarly situated investors to solicit support for efforts to certify class); *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (concluding district court should limit pre-certification discovery to discovery "necessary or helpful" to certification decision); *Swelnis v. Universal Fid. L.P.,* 2014 WL 1571323, at *2 (N.D.

Ind. Apr. 17, 2014) (denying plaintiff's motion to compel pre-certification discovery of putative class members' identities); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, 2007 WL 404703, *2–*4 (D.S.D. Feb. 1, 2007) (denying plaintiff's motion to compel defendant to provide the names of purported class members at pre-certification stage and explaining that, "[c]ourts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage…").

Courts have even rejected discovery of identities of putative class members when assurances are made not to use such information to discover new plaintiffs. *See Burkhart-Deal v. CitiFinancial, Inc.*, 2009 U.S. Dist. LEXIS 85701, at *4 (W.D. Pa. Sept. 18, 2009) (rejecting request to unredact names and reasoning "Plaintiff's assertion that it is not attempting to identify new clients does not negate the concerns that have arisen in this context. Intentions do not necessarily correlate to practical outcome – the fact is that potential clients will likely be identified, absent redaction . . . I am mindful, too, of the . . . privacy concerns previously expressed by Defendant"); *see also Crabtree v Hayden, Stone, Inc.*, 43 FRD 281, 283 (S.D.N.Y. 1967) ("Furthermore, without suggesting that plaintiffs' counsel contemplates any improper or unethical conduct in violation of the Canons of Professional Ethics, the effect of granting plaintiffs' motion with respect to Items (a) and (b) would be to pave the way for stirring up or soliciting other stockholders to join in the action.").

In this instance, Plaintiff is not seeking call records relating to individuals who had already been identified as members (*i.e.,* for developing existing claims), but rather Plaintiff is trying to obtain all call records first to then subsequently analyze whether anyone may qualify as part of the as-yet defined class. Defendant is being asked to turn over private information to Plaintiff – not for the purpose of establishing his claims and causes of action – but instead for a fishing expedition to see who else was called and to then recruit members to the class.

As part of the instant Motion, Plaintiff has failed to articulate any legitimate need for the names, addresses and other identifying information of putative class members, as the call data is instead being sought as a form of identifying would-be members and not to develop evidence for the Plaintiff's current claims. Accordingly, Plaintiff's request should be denied.

## POINT II

## PLAINTIFFS' REQUESTS FOR CALL DATA ARE NOT PROPORTIONAL TO THE NEEDS OF PLAINTIFF'S CLAIMS IN THIS CASE

Plaintiff's request for every communication regarding an undefined "telemarketing campaign" should be denied because it exceeds the needs of Plaintiff's claims and is geared, instead, toward recruiting class members. Defendant objected to these requests because they are overly broad, as the responsive information would sweep in virtually every communication made to anyone for an extended period of time. The request also ignores other elements of a possible TCPA violation, seeking information from every call Defendant may have made, rather than focusing on any calls that could fall within the ambit of the potential class. Such a request is nowhere near the "reasonable particularity" standard required by Rule 34(b)(1)(A).

The plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Plaintiff has not established the merits of his own claim yet, including dispositive issues regarding the use of autodialer systems and prerecorded messages. The requested information does not seek to develop those claims, but instead is aimed at generating a veritable pool of individuals who Plaintiff does not know to have been subjected to any violations solely to permit Plaintiff to recruit prospective members from, which is improper at this juncture. While discovery can be used to establish the Rule 23 requirements for class certification (*see, e.g. Miner v. Gov't. Payment Services*, 2017 U.S.

Dist. LEXIS 142834 (N.D. Ill. Sept. 5, 2017), Plaintiff is not allowed to "go fishing" for more plaintiffs. *Gold Group Enterprises. v. Bull*, 2015 U.S. Dist. LEXIS 78495, at *8 (D.N.J. June 16, 2015).

Plaintiff argues that he needs "all documents containing any of the following information for each outbound telemarketing call or text sent" because they are "highly relevant" to the issues of numerosity and commonality. Should this Court certify a class, then—and only then—will the scrubbed details of other numbers called even arguably be necessary for purposes of providing notice to class members. Until then, it is burdensome and not proportional to the needs of the case to compel production of every communication that may, or may not be, relevant to the case.

In sum, Defendant has already disclosed the information relating to any communications with Plaintiff and the information now sought is not proportional to the needs of the case given Plaintiff's noted purpose in seeking them just to identify would-be class members. Therefore, Plaintiff's Motion to Compel additional call data should be denied.

## POINT III

## DISCOVERY SHOULD NOT BE USED AS A MARKETING TOOL

Finally, as noted above, Defendant's concern that the call data will be utilized as a marketing tool for putative class counsel is a very real and significant concern that should not be disregarded or considered lightly. Indeed, courts have expressed the concern that "plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of [class] certification." *See Enslin*, 2016 U.S. Dist. LEXIS 170247, at fn. 5. Compelling Defendant to give Plaintiff information and documentation identifying absent putative class members prior to class certification essentially amounts to free marketing services for putative class counsel. Plaintiff should not be permitted to use pre-certification discovery to obtain

new clients, broaden a class, or for any other purpose other than to support certification. Plaintiff's Motion should therefore be denied.

In short, it appears based on the discovery requests cited in the Motion that Plaintiff is not attempting to limit discovery to class certification issues. The Court should not permit such vast discovery as it is not necessary to demonstrate any class certification issues as Plaintiff contends. Indeed, requesting such information and documentation is nothing more than a ploy to identify new clients rather than to establish class certification. Defendant has adequately objected and responded to Plaintiff's discovery and any requests for additional information or documentation should be denied.

## CONCLUSION

Plaintiff's Motion to Compel Discovery seeks to have Defendant provide private information pertaining to potential putative class members. The requests are overbroad, unduly burdensome, irrelevant and not proportional to the needs of this case and should not be compelled in this instance. For these reasons, Plaintiff's Motion to Compel Discovery should be denied.

Dated: August 26, 2026

**HINSHAW & CULBERTSON LLP**
*Attorneys for Defendant E Mortgage Capital, Inc.*

By: *s/ Michael C. Hughes*
Michael C. Hughes, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel.: 908-292-0019
mhughes@hinshawlaw.com

Brendan I. Herbert, Esq. (*Pro Hac Vice*)
2811 Ponce de Leon Blvd, 10th Floor, Suite 1000
Coral Gables, FL 33134
(305) 938-8473
bherbert@hinshawlaw.com