**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.<br><br>Defendant. | Case No. 25-cv-7205 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Plaintiff Jake Galloway respectfully submits this Reply in further support of his Motion to Compel Discovery.

## INTRODUCTION

Defendant's Opposition rests on a fundamental mischaracterization of the discovery Plaintiff seeks. Plaintiff is not requesting a list of consumers so that counsel can solicit clients.[1] Plaintiff seeks Defendant's underlying telemarketing calling data—the dates and times of calls and texts, telephone numbers dialed, disposition codes, scripts and do-not-call coding—to determine the scope of Defendant's calling practices and whether the requirements of Rule 23 can be established.

That is ordinary class discovery, and Defendant does not meaningfully address the authority cited in Plaintiff's Motion compelling precisely this type of discovery. Most notably,

[1] Indeed, the Plaintiff has no objection to the information being marked confidential.

Most notably, Defendant does not address—much less distinguish—*Frey v. Frontier Utilities Northeast LLC*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 (E.D. Pa. Apr. 13, 2020), an Eastern District of Pennsylvania TCPA case compelling the production of unredacted outbound call records before class certification. *Frey* is particularly instructive because, just as here, discovery had not been bifurcated. The Court therefore rejected the premise underlying Defendant's Opposition—that class discovery should await class certification.

Defendant's remaining objections fare no better. Although Defendant repeatedly characterizes production as extraordinarily burdensome, it submits no declaration, identifies no database that would require manual review, provides no estimate of the time or cost of production, and offers no evidence whatsoever substantiating its burden argument. Plaintiff, moreover, has offered to accept the underlying data in its existing native form and have his own expert perform the necessary analysis. And any legitimate privacy concerns can be addressed through appropriate confidentiality protections.

Plaintiff needs this discovery because he bears the burden of establishing Rule 23. Defendant cannot insist that Plaintiff prove class certification while simultaneously withholding the evidence necessary to do so.

## I. DEFENDANT MISCHARACTERIZES THE DISCOVERY PLAINTIFF SEEKS.

The principal theme of Defendant's Opposition is that Plaintiff seeks the identities of putative class members to "recruit" new clients. That is not the discovery request before the Court. Request for Production No. 16 seeks documents containing information concerning Defendant's outbound telemarketing calls and texts, including: (1) the date and time of each communication; (2) the recorded message or script used; (3) the disposition or result; (4) information concerning the recipient, including the number dialed and lead source; (5) scrub

results; and (6) coding reflecting wrong numbers, do-not-call requests, opt-outs, or similar dispositions. That information is not sought as a marketing list. It constitutes the underlying evidence necessary to determine the scope and characteristics of Defendant's telemarketing activity. The data will permit Plaintiff and his expert to determine, among other things, how many persons received the challenged communications, whether those communications resulted from common calling practices, whether Defendant's records contain common information bearing on consent and do-not-call status, whether class membership can be determined through common evidence, and the number of potentially actionable communications. This is what is required in TCPA cases to move for class certification. *See Jackson v. Aragon Adver., LLC*, 2023 U.S. Dist. LEXIS 201988, *4 (2023) ("discovery of call lists and related information is generally relevant in TCPA class litigation.").

Indeed, Defendant acknowledges that discovery may properly "be used to establish the Rule 23 requirements for class certification." Opp. at 6. That is exactly what Plaintiff seeks to do. The fact that the records will necessarily identify the telephone numbers Defendant called does not transform otherwise relevant Rule 23 discovery into improper solicitation. Plaintiff seeks the information for purposes of litigating this action, including class certification, and not for the purpose of soliciting clients. Defendant's repeated characterization of the discovery as a "marketing tool" therefore does not address the actual purpose or substance of Request No. 16. Again, if the Defendant has concerns about misuse of the data, it should mark the data as confidential under the protective order.

## II. *FREY* REJECTS DEFENDANT'S CENTRAL ARGUMENT.

Defendant's Opposition does not address *Frey v. Frontier Utilities Northeast LLC*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620 (E.D. Pa. Apr. 13, 2020), at all, despite its close factual and procedural similarity to the dispute here. That omission is significant because *Frey* is an Eastern District of Pennsylvania TCPA decision addressing the precise issue Defendant asks this Court to decide differently.

*Frey* was a TCPA class action in this District in which the plaintiff sought unredacted outbound calling records before class certification. The Court compelled their production because the outbound call list was relevant to both class certification and the merits. *Id.* at *5–6. The Court specifically recognized that the records could be used to determine the number and recipients of relevant calls, matters directly bearing on Rule 23 and TCPA liability.

More importantly, *Frey* rejected the same procedural premise Defendant advances here. The defendant argued that the plaintiff was not entitled to identifying information before class certification. The Court explained that discovery had not been bifurcated and that the plaintiff therefore was required to pursue discovery concerning both his individual and class claims during the same discovery period. *Id.* The plaintiff could not wait until after a ruling on class certification to obtain the information necessary to litigate certification.

The same reasoning applies with even greater force here. This Court entered a single Scheduling Order requiring all fact discovery to be completed by September 21, 2026. The Court did not bifurcate individual and class discovery and did not defer class discovery until after certification. Defendant nevertheless asks the Court to impose precisely that limitation now. According to Defendant, the requested calling data should not be produced until after a class has been certified. Opp. at 6. But Plaintiff bears the burden of establishing that a class should be

certified in the first place. Accepting Defendant's position would therefore require Plaintiff to prove numerosity, commonality, typicality, predominance, and ascertainability without access to Defendant's records showing who it called, how often it called them, what type of communications were made, and what Defendant's own records reflect concerning those communications. That is precisely the circular result *Frey* rejected.

## III. THE REQUESTED DATA IS NECESSARY TO LITIGATE RULE 23, NOT MERELY TO PROVIDE CLASS NOTICE.

Defendant further contends that information concerning the persons it called will become relevant only after certification for purposes of providing class notice. Opp. at 6. That argument confuses information necessary to identify and notify members of a certified class with evidence necessary to determine whether a class can be certified.

Plaintiff must establish numerosity. The number of persons subjected to Defendant's challenged communications is therefore relevant before certification.

Plaintiff must establish commonality and predominance. Defendant's records showing the communications it made, the scripts used, the source of the telephone numbers, disposition coding, scrub results, consent information, and opt-out information are therefore relevant before certification.

Plaintiff must also demonstrate that the proposed class is capable of identification through objective evidence. Defendant's electronically maintained calling records are directly relevant to determining whether that can be accomplished.

The Third Circuit has recognized this problem specifically in TCPA litigation. As Plaintiff's Motion explained, *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93–94 (3d Cir. 2011), recognized that, in TCPA cases, questions concerning putative class

members' relationships with defendants and consent are often difficult to resolve without discovery.

Indeed, Defendant's Opposition repeatedly argues that Plaintiff seeks the "names and addresses" of putative class members, but Plaintiff's Request does not seek either. Plaintiff does not need—and is not requesting—the names or addresses of the persons Defendant called. What Plaintiff needs is the calling data itself, including the telephone numbers dialed, dates and times of the communications, and related information. That data will permit Plaintiff's expert to determine the size and composition of the proposed class and analyze the Rule 23 requirements without knowing the names or addresses of the persons associated with those telephone numbers. Defendant's authorities concerning precertification disclosure of putative class members' names, addresses, and other information for purposes of locating or soliciting potential plaintiffs therefore address a discovery request Plaintiff has not made. Plaintiff seeks Defendant's calling records to prove his existing class allegations, not the identities or addresses of consumers so that counsel can contact them.

Defendant's position would turn the Rule 23 burden on its head. Plaintiff does not seek the data because a class has already been certified. He seeks the data because he must determine whether, and demonstrate that, certification is appropriate.

## IV. DEFENDANT PROVIDES NO EVIDENCE SUPPORTING ITS UNDUE-BURDEN OBJECTION.

Defendant repeatedly asserts that producing the requested records would require an "extensive manual review of each putative class member's account." Opp. at 2. But Defendant offers nothing to substantiate that assertion.

Defendant provides no declaration from an employee or calling vendor, identifies no database containing the requested information, offers no estimate of the employee hours or costs

required for production, and provides no explanation why an "extensive manual review" would be necessary or why the electronically maintained calling data cannot simply be exported and produced.

That evidentiary deficiency is significant. As Plaintiff's Motion explained, *Gabe Staino Motors v. Volkswagen of America*, 2003 U.S. Dist. LEXIS 3194, at *9 (E.D. Pa. 2003), rejected an undue-burden argument unsupported by specific estimates of the effort required to comply. The contrast with *Perrong v. Victory Phones, LLC*, No. 20-cv-5317, ECF No. 68 (E.D. Pa. Apr. 5, 2022), is even more pronounced. There, the defendant submitted an affidavit estimating that producing call records would cost approximately $43,000. The Court nevertheless compelled production because the records were relevant and proportional to class certification. Here, Defendant has submitted no affidavit, declaration, estimate, or other evidence whatsoever.

Defendant's unsupported assertion that production would be burdensome cannot outweigh the demonstrated importance of the records to the class claims.

Defendant's burden argument also assumes that Defendant must itself perform the analysis necessary to identify which calls ultimately qualify for Plaintiff's proposed class. Plaintiff does not seek to impose that obligation.

Plaintiff has offered to accept Defendant's underlying calling data in the native or other reasonably usable form in which it is maintained. Plaintiff and his expert can then perform the analysis necessary to determine which records are relevant to the proposed class.

Defendant therefore need not manually review thousands of individual records and make class-membership determinations before production. It need only produce the responsive electronically maintained business records in its possession, custody, or control.

This substantially eliminates the burden Defendant claims. If Defendant maintains data showing the telephone numbers called, dates and times of communications, dispositions, lead sources, scrub results, and related information, that data can be produced and analyzed by Plaintiff. Defendant has submitted no evidence explaining why doing so would require the "extensive manual review" asserted in its Opposition.

The appropriate solution to Defendant's asserted concern is therefore straightforward: order Defendant to produce the responsive underlying data in the form in which it is ordinarily maintained rather than permitting Defendant to withhold it altogether.

**CONCLUSION**

Defendant's Opposition ultimately asks the Court to adopt an impossible sequence: Plaintiff must first establish that a class should be certified, and only then may he obtain Defendant's records showing whether the requirements for certification can be satisfied.

Neither Rule 26 nor *Frey* supports that result. The Court established a single discovery period ending September 21, 2026. Defendant's outbound calling data is directly relevant to Plaintiff's class allegations and uniquely within Defendant's possession. Defendant has offered no evidence substantiating its assertion that producing that data would impose an undue burden, and Plaintiff has offered to accept the records in their existing native form and perform the necessary analysis himself.

For these reasons, and those set forth in Plaintiff's opening Motion, Plaintiff respectfully requests that the Court compel Defendant to produce the responsive outbound calling data and related information sought by Request for Production No. 16.

Dated: August 27, 2026

Respectfully Submitted,

*/s/ Anthony Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
anthony@paronichlaw.com