**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 2:25-cv-07205-NIQA |

**DEFENDANT E MORTGAGE CAPITAL, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NO. 16 AND REQUEST FOR PRODUCTION NO. 5**

HINSHAW

***Attorneys for Defendant***
***E Mortgage Capital, Inc.***
**111 Wood Avenue South, Suite 210**
**Iselin, New Jersey 08830**
**Telephone (908) 374-0320**

Defendant E Mortgage Capital, Inc. ("Defendant"), by and through their attorneys Hinshaw & Culbertson LLP, submit this Memorandum of Law in opposition to Plaintiff's Jake Galloway's ("Plaintiff") Motion to Compel responses to Interrogatory No. 16 and Request for Production No. 5 (the "Motion").

**INTRODUCTION**

In this TCPA lawsuit, Plaintiff alleges that Defendant made repeated and unwanted phone calls and communications to him, and that, on this basis, representation of an as-yet defined class of individuals who received similar communications is appropriate. The parties have been engaged in written discovery and depositions which are ongoing. As part of this discovery, Plaintiff improvidently seeks records relating to "all litigation, arbitration, or pre-suit complaints…alleging TCPA or telemarketing violations" against Defendant. This request, while overbroad and burdensome, requires Defendant to first review and analyze all internal records for anything that may be responsive – including, by the broad definition proffered in Plaintiff's discovery requests, pre-suit letters and complaints that merely allege (but do not prove) similar claims of communications-based violations – and then turn over documents and information that is either privileged, contains personal information of non-parties that would thus run afoul of Defendant's obligations to keep others' personal information private, or both.

Plaintiff's purported need for this information is similar to those proffered in support of his other discovery demands seeking information relating to Defendant's communications with others – namely, that Plaintiff seemingly intends to use this information to substantiate a potential class of plaintiffs that has not yet been identified.

For the reasons below, including the burdensome nature of the requests and the competing interests of protecting others' personal information, this Court should deny the Motion.

# ARGUMENT

## POINT I

## PLAINTIFF'S REQUESTS FOR LITIGATION AND PRE-SUIT COMPLAINTS ARE DIRECTED PRIMARILY TO PUTATIVE CLASS MEMBERS BEFORE CLASS CERTIFICATION AND ARE NOT PROPORTIONAL TO THE NEEDS OF THE CASE

At issue in this Motion are two discovery demands by Plaintiff, Interrogatory No. 16 and Request for Production Number 5, which chiefly seek information concerning litigation, arbitration, and pre-lawsuit complaint directed to Defendant. Although Plaintiff claims that he is entitled to this information because he has limited the requests by identifying that the operative documents would be related to allegations of TCPA violations, the fundamental issues remain that responsive documents and information, if any, would necessarily involve privileged information and the private information of non-parties, the dissemination of which would potentially implicate attorney-client privilege and work-product protections and would necessarily implicate the privacy interests of no-parties, including the disclosure of personal information unrelated to Plaintiff's claims. There is also no limitation in the requests that would exclude potentially additional or unrelated allegations that do not come under the ambit of the claims at issue in this lawsuit.

Plaintiff seeks complaints and other pre-suit correspondence submitted by non-parties concerning their own accounts or other interactions with Defendant; however, those materials do not bear upon the elements of Plaintiff's TCPA claim at issue in this lawsuit. The requests do not seek, for example, information about whether Plaintiff consented to any communications or the technology used to contact Plaintiff. Instead, Plaintiff contends that he needs this complaint information and related documents because they are "relevant to notice, willfulness, [and] the existence of similar experiences among putative class members" "identify potential class members." *See* Motion at p. 2. However, a would-be class representative is not normally entitled to identify the personal information of putative class members in this way unless he can articulate

a compelling reason why the information is needed. Here, Plaintiff has primarily stated that he needs this information for class certification. The intended use is, ostensibly, to review the allegations, if any, so that he may uncover other members of the putative class.

The request is principally directed to the class allegations and is disproportional to the needs of the individual claim. Personal identifying information such as names and contact information of putative class members is not discoverable at the pre-certification stage. *See, e.g.*, *Deibler v. Sanemdica Int'l, LLC*, No. 19-20155, 2021 U.S. Dist. LEXIS 247974, at *29 (D.N.J. Dec. 30, 2021) (rejecting the disclosure of names and identities of putative class members because the plaintiff had not established any need for the identities of the putative class members at the pre-certification stage).

Though Plaintiff cites to *Hoy v. Medicare Health Advisors LLC,* No. 4:25-cv-00207-RGE-HCA, 2026 U.S. Dist. LEXIS 142853 (S.D. Iowa Feb. 17, 2026) for support in its Motion that it should be entitled to all complaints and other litigation and pre-litigation documents, the court in *Hoy* did not authorize or establish a blanket rule entitled a plaintiff to wholesale production of every prior lawsuit or pre-suit correspondence, or the underlying file and communications. In this case, Plaintiff's request for all litigation, arbitration, or pre-suit correspondence should be denied because it exceeds the needs of Plaintiff's claims and is geared, instead, toward recruiting class members. Plaintiff's requests should also be viewed in the context of his prior discovery efforts. Plaintiff previously sought information and documents relating to call data of non-parties, which Defendant objected to on the basis that such information would enable Plaintiff to identify other class members before certification. The requests at issue on this Motion are similarly of the same type, in that the information.

At their core, these discovery demands for litigation documents essentially seek information concerning other individuals who Plaintiff believes may have experienced the same conduct. This objective should not be conflated with the discovery needed to substantiate Plaintiff's individual claims in this case.

In this instance, Plaintiff is not seeking complaint or pre-suit letters of individuals who have already been identified as members for the purpose of developing existing claims; instead, Plaintiff appear to seek this information to determine whether anyone may qualify as part of the as-yet defined class. These arguments are similar to those raise in Plaintiff's first motion to compel (*ECF* Doc. No. 14) and Defendant incorporates its response. This is a second attempt at class discovery rather than a showing that the information requested is needed to prove the individual TCPA claims. Though Plaintiff urges that the same nature of telemarketing conduct gives him access to the complaint documents requested, it does not open the door to wholesale discovery of the underlying litigation, arbitration, or pre-suit letters, if any, of the identities and private information of the non-parties involved. Defendant is again being asked to turn over information to Plaintiff that contains private information as part of a fishing expedition to see who else may have been called and to then recruit members to the class.

Accordingly, Plaintiff's request should be denied.

## POINT II

## PLAINTIFF'S REQUESTS FOR LITIGATION DOCUMENTS RUN AFOUL OF DEFENDANT'S PRIVACY OBLIGATIONS

Plaintiff's discovery demands seek information and documents that contains sensitive information about non-parties. Courts have held that there is an undeniable privacy interest in the submission of non-formal, unsubstantiated complaints filed by non-parties.

Defendant specifically objected to the discovery sought on the ground that it purported to impose upon Defendant an obligation to review, assemble, and produce voluminous materials requiring substantial expenditures of time and imposing unjustifiable expense and inconvenience, without taking reasonable steps to avoid imposing undue burden or expense. Further, the demands at issue in the Motion seek to invade the privacy rights of non-parties without providing for appropriate protections.

Non-parties who did not voluntarily join a lawsuit or expect to be referenced in court documents retain a reasonable expectation of privacy. *Am. Friends Serv. Comm. v. City & Cty. of Denver*, 2004 U.S. Dist. LEXIS 18474, at *26 (D. Colo. Feb. 19, 2004). Courts in this District also recognize the legitimate confidentiality interests concerning non-parties. *See Morrison v. Phila. Hous. Auth.,* 203 F.R.D. 195, 197 (E.D. Pa. 2001) (recognizing that concerns regarding the confidential nature of information concerning non-parties is "well-placed" and indicating that discovery of such information should be limited when possible).

The requests also impact Defendant's obligation to respect the privacy of its customers and others, and to protect the security and confidentiality of those individuals' nonpublic personal information. (15 U.S.C. § 6801). A financial institution's obligation to protect the privacy of potential customers is primarily governed by Title V of the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801, *et al.* Financial institutions have an affirmative and continuing obligation to respect the privacy of their customers and protect the security and confidentiality of their nonpublic personal information. *Trans Union, LLC v. FTC*, 353 U.S. App. D.C. 42 (2002). Wholesale production of non-party information

These privacy concerns are particularly significant here because Plaintiff expressly seeks this information, at least in part, for the purpose of identifying class members. Disclosure of the litigation related documents would not only expose non-party information incidentally to discovery concerning Plaintiff's own claims, but it would provide Plaintiff with information concerning other individuals for the purpose of identifying them and investigating their experiences and claims. Defendant has an obligation to protect the security and confidentiality of nonpublic personal information, and therefore the requests at issue in this Motion which would result in the wholesale production and dissemination of same, are not proportional. Plaintiff has not demonstrated that disclosure of non-parties' information is necessary to establish the elements of his TCPA claims, and disclosure of such information at this juncture is not warranted.

For these reasons, Plaintiff's Motion should be denied.

## CONCLUSION

Plaintiff's Motion seeks to have Defendant provide private information pertaining to potential putative class members and subject itself to potential violations of privacy obligations to other consumers. The requests are overbroad, unduly burdensome, irrelevant and not proportional to the needs of this case and should not be compelled in this instance. For these reasons, Plaintiff's Motion should be denied.

Dated: September 21, 2026

**HINSHAW & CULBERTSON LLP**
*Attorneys for Defendant E Mortgage Capital, Inc.*

By: *s/ Michael C. Hughes*
Michael C. Hughes, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel.: 908-292-0019
mhughes@hinshawlaw.com