IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 2:25-cv-07205-NIQA |

**DEFENDANT E MORTGAGE CAPITAL, INC.'S RESPONSE REGARDING COMPLIANCE WITH ORDER DATED SEPTEMBER 23, 2026**

Defendant E Mortgage Capital, Inc. ("Defendant"), by and through their attorneys Hinshaw & Culbertson LLP, hereby files this Motion for Extension of Time to Comply with the Order dated September 23, 2026 (ECF No. 23), and as grounds therefore states:

1. On September 23, 2026, this Court entered an Order directing Defendant to produce supplement discovery responses, namely documents relating to call data sought by Plaintiff Jake Galloway ("Plaintiff") by September 30, 2026. *See* ECF 23.

2. Defendant advised me that the calling data being requested was stored with Defendant's vendor, Innovated Funding, LLC ("Innovated Funding"), which we understand hosted, operated, and/or maintained the "GoHighLevel" CRM (or "Customer Relationship Management") platform containing the relevant data. *See* annexed Declaration of Michael C. Hughes, ¶ 3.

3. The call data records were not kept on Defendant's internal platforms or stored locally on its equipment. *See* annexed Declaration of Michael C. Hughes, ¶ 4.

4. In response to the Order, Defendant filed a Motion for Extension of Time to Comply on October 1, 2026 (ECF No. 26) with the undersigned's declaration (ECF No. 26-1), advising this

Court that the records were with the vendor, Innovated Funding, that the undersigned was issuing a subpoena for the production of those records, and that the records were not within Defendant's possession, custody, or control. *See* ECF Docket No. 26, 26-1, which are incorporated herein by reference; *see also* annexed Declaration of Michael C. Hughes, ¶ 5.

5. On October 19, 2026, this Court granted Defendant's Motion for Extension of Time to Comply, and directed Defendant to comply with the September 23, 2026 Order by October 26, 2026. *See* ECF No. 27.

6. As previously represented to this Court, Defendant does not possess the documents at issue; rather, those documents were maintained by Innovated Funding. *See* ECF Docket No. 26, 26-1.

7. Notwithstanding the foregoing, Defendant, through undersigned counsel, has undertaken to obtain documents from Innovated Funding in an effort to facilitate production of those documents to Plaintiff.

8. Specifically, on October 1, 2026, Defendant caused a subpoena pursuant to Federal Rule of Civil Procedure 45 to be personally served on Innovated Funding, LLC, seeking production of the documents relevant to the discovery at issue (the "Subpoena"). *See* ECF No. 26-1 at pp. 5-13; *see also* annexed Declaration of Michael C. Hughes, ¶ 6.

9. On October 5, 2026, the Subpoena was personally served upon Daniel Holloway, an authorized agent for Innovated Funding, LLC. *See* annexed Declaration of Michael C. Hughes, at ¶ 7, and Exhibit 1 thereto.

10. The Subpoena directed Innovated Funding to produce the requested documents by October 22, 2026. *See* ECF No. 26-1 at pp. 5-13; *see also* Exhibit 1 to the Declaration of Michael C. Hughes. However, Innovated Funding failed to response to the Subpoena, produce any

responsive documents, or otherwise communicate with the undersigned counsel by the designated deadline. *See* Declaration of Michael C. Hughes, ¶ 9.

11. Following Innovated Funding's failure to comply with the Subpoena, the undersigned prepared and transmitted a deficiency letter to Innovated Funding advising it of its non-compliance and requesting that it cure its deficiency by producing the requested documents by October 28, 2026 (the "Deficiency Letter"). *See* Declaration of Michael C. Hughes, ¶ 10 and Exhibit 1.

12. A copy of the Deficiency Letter with exhibits was also sent to counsel for Plaintiff Jake Galloway. *Id.*

13. As of the filing of this Response, Innovated Funding has not produced the requested documents or responded to the Subpoena or the Deficiency Letter (*see* Declaration of Michael C. Hughes, ¶ 11), and Defendant remains unable to produce documents that are not within its possession, custody, or control.

14. Defendant maintains that it has produced all responsive documents within its possession, custody, or control. Fed. R. Civ. P. 34 governs the production of documents. The rule provides, in pertinent part, that pursuant to the scope of Fed. R. Civ. P. 26(b), a party may request that another party produce any designated documents or electronically stored information in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1)(A). *See Willett v. Dahlberg*, No. 1:24-cv-00024-MEM-EAH, 2026 U.S. Dist. LEXIS 148436, at *1 (D.V.I. July 6, 2026); *see also Holczer v. A.O. Smith Corp. (In re Asbestos Prods. Liab. Litig.)*, No. 875, 2021 U.S. Dist. LEXIS 202879, at *27 (E.D. Pa. Oct. 21, 2021)("parties only bound to produce documents in their "possession, custody, or control").

15. Courts in this Circuit have maintained that a responding party "is not obliged to produce documents it does not possess or cannot obtain." *See Takahashi v. Cuyco,* Civil Action No. 18-4594 (PGS), 2019 U.S. Dist. LEXIS 77374, at *4 (D.N.J. May 8, 2019); *see also Bumgarner v. Hart,* 2007 U.S. Dist. LEXIS 214, 2007 WL 38700, at *5 (D.N.J. Jan. 4, 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control).

16. As it pertains to the call data being stored with Innovated Funding, Defendant cannot produce documents not in its possession, custody or control.

17. Defendant respectfully submits that it has undertaken diligent, good-faith efforts to obtain the documents at issue maintained by Innovated Funding, including utilizing the subpoena procedures available under the Federal Rules of Civil Procedure, notwithstanding that such documents are not within Defendant's possession, custody, or control.

18. Nevertheless, despite these efforts, Defendant cannot produce documents that it does not possess and over which it lacks the requisite control.

19. Defendant further represents that, should Innovated Funding produce responsive documents, Defendant will promptly review and produce any responsive materials to Plaintiff, consistent with its discovery obligations.

20. Accordingly, Defendant respectfully submits that it has complied with its discovery obligations and this Court's Orders dated September 23, 2026, and October 19, 2026, to the extent possible under the circumstances, and that its inability to produce the requested documents results from Innovated Funding's failure to respond to the duly served subpoena, rather than any failure or refusal by Defendant to comply with this Court's Orders.

WHEREFORE, Defendant respectfully submits this Response to advise this Court of its efforts in complying with this Court's Orders dated September 23, 2026, and October 19, 2026, and the additional efforts undertaken to obtain documents maintained by a third-party vendor.

Dated: October 26, 2026

**HINSHAW & CULBERTSON LLP**
*Attorneys for Defendant E Mortgage Capital, Inc.*

By: *s/ Michael C. Hughes*

Michael C. Hughes, Esq.
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel.: 908-292-0019
mhughes@hinshawlaw.com

Brendan I. Herbert, Esq. (*Pro Hac Vice*)
2811 Ponce de Leon Blvd, 10th Fl., Ste. 1000
Coral Gables, FL 33134
Tel.: 305-938-8473
bherbert@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court via ECF on October 26, 2026, which will serve copies upon all counsel of record, including:

ANTHONY PARONICH, ESQ.
PARONICH LAW, P.C.
350 LINCOLN ST SUITE 2400
HINGHAM, MA 02043
508-221-1510
Email: anthony@paronichlaw.com
*Attorneys for Plaintiff*

Dated: October 26, 2026

Respectfully submitted,

*/s/ Michael C. Hughes*
Michael C. Hughes, Esq.
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, NJ 08830
Phone: (908) 292-0019
Email: mhughes@hinshawlaw.com
*Attorneys for Defendant E Mortgage Capital, Inc.*