# EXHIBIT 1

HINSHAW

Hinshaw & Culbertson LLP
Attorneys at Law
111 Wood Avenue South
Suite 210
Iselin, New Jersey 08830

908-374-0320
908-374-0345 (fax)
www.hinshawlaw.com

Michael C. Hughes
908-292-0019
mhughes@hinshawlaw.com

October 23, 2026

**VIA UPS, REGULAR MAIL, AND E-MAIL**
Daniel Holloway
c/o Innovated Funding, LLC
7902 Old Oak Lane
Dublin, Ohio 43017

**RE: Deficiency Notice - Subpoena Duces Tecum Dated October 1, 2026**
***Galloway v. E Mortgage Capital, Inc.,* Case No. 2:25-cv-07205-NIQA**
**Request to Cure by October 28, 2026 at 5:00 pm Eastern**

Dear Mr. Holloway:

My law firm represents Defendant E Mortgage Capital, Inc. in the above-referenced action. We write regarding the subpoena duces tecum directed to Innovated Funding, LLC in this action. A copy of that subpoena is enclosed. The subpoena was served on Innovated Funding, LLC on October 5, 2026, and required compliance by October 22, 2026. A copy of the affidavit of service is enclosed as well. That deadline—including the deadline to serve objections—has passed, and Innovated Funding, LLC has not served any documents, written responses, or objections. Under Federal Rule of Civil Procedure 45(d)(2)(B), objections were due before the earlier of the compliance date or 14 days after service; accordingly, the October 22 objection deadline has expired.

Innovated Funding, LLC must cure this deficiency within five days—**that is, by 5:00 pm Eastern on October 28, 2026**—by submitting all responsive documents and any written responses to my attention, by email to **mhughes@hinshawlaw.com**.

If Innovated Funding, LLC contends that no responsive documents exist, or that responsive documents are not within its possession, custody, or control, please state that position in writing by October 28, 2026 and identify, to the extent known, the person or entity that possesses or controls the documents.

Innovated Funding, LLC must preserve all documents and electronically stored information potentially responsive to the subpoena, including account records, and information maintained in or concerning the GoHighLevel CRM platform.

If Innovated Funding, LLC does not fully cure the deficiency by October 28, 2026, E Mortgage Capital, Inc. reserves the right to seek appropriate judicial relief, including an order compelling compliance and any other relief the Court deems appropriate.

Nothing in this letter waives, and E Mortgage Capital, Inc. expressly reserves, all rights and remedies available under the Federal Rules of Civil Procedure and applicable law.

Please contact me promptly if you believe there is an issue preventing timely compliance.

Respectfully,

**HINSHAW & CULBERTSON LLP**

*/s/ Michael C. Hughes*

Michael C. Hughes
111 Wood Avenue South, Suite 210
Iselin, NJ 08830
(908) 292-0019
mhughes@hinshawlaw.com

Encl.

cc: Anthony Paronich, Esq. (via email)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

JAKE GALLOWAY, individually and on behalf of a cl )
*Plaintiff* )
v. ) Civil Action No. 2:25-cv-07205-NIQA
E MORTGAGE CAPITAL, INC., )
)
*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Daniel Holloway, Innovated Funding LLC, 7902 Old Oak Ln, Dublin, OH 43017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: Hinshaw & Culbertson LLP, 111 Wood Avenue South, Suite 210, Iselin, NJ 08830 | Date and Time: 10/22/2026 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/01/2026

*CLERK OF COURT*

OR

_________________________ /s/ Michael C. Hughes
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* E Mortgage Capital, Inc. , who issues or requests this subpoena, are:

Michael C. Hughes; 111 Wood Avenue South, Suite 210, Iselin, NJ 08830; mhughes@hinshawlaw.com; 908-292-0019

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-07205-NIQA

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Michael C. Hughes, Esq.
**HINSHAW & CULBERTSON LLP**
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
mhughes@hinshawlaw.com
*Attorneys for Defendant E Mortgage Capital, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAKE GALLOWAY, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>E MORTGAGE CAPITAL, INC.,<br><br>Defendant. | Case No.: 2:25-cv-07205-NIQA |

**<u>EXHIBIT A TO SUBPOENA *DUCES TECUM*</u>**
**<u>DIRECTED TO INNOVATED FUNDING, LLC C/O DANIEL HOLLOWAY</u>**

1. "You" and "Your" refer to Innovated Funding, LLC and its respective agents, associates, consultants, advisors, attorneys, employees, paralegals, members, shareholders, managers, officers, and representatives.

2. "Defendant" or "E Mortgage Capital, Inc." refers to Defendant E Mortgage Capital, Inc., and their respective agents, associates, consultants, advisors, attorneys, employees, and representatives.

3. "Plaintiff" refers to Jake Galloway.

4. "GoHighLevel" or "GoHighLevel CRM" refer to the platform that Innovated Funding, LLC maintained on behalf of, or for the benefit of, E Mortgage Capital, Inc. and their respective agents, associates, consultants, advisors, attorneys, employees, and representatives.

5. "Person" refers to any individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation, or other legal, business, or government entity.

6. "Communication" refers to any statement, transmitted orally or in writing between two or more people. This includes, but is not limited to, correspondence, memoranda, notes, facsimiles, telephone conversations, e-mail, text messages, instant messaging, direct personal statements, videos, podcasts, and the use of social media, including but not limited to Facebook, YouTube, Twitter, Yelp, Snapchat, Instagram, LinkedIn, Google+, Reddit, WeChat, Tumblr, TikTok, Pinterest, and any similar platforms.

7. "Document" is used in its broadest sense and means every type of material, whether stored electronically or otherwise, that is discoverable under any Federal Rules of Civil Procedure relating to discovery requests, and any writing or recording of any nature or description, including handwriting, typewriting, printing, photographing, photostating, tape, wire, graphic material, video, belt, disc recording, or email systems, as well as audio or visual recordings or reproductions of any kind. As used in these requests, the term "document" also includes every other means of recording upon any tangible thing in any form, including without limitation drafts, originals and copies of books, calendars, pocket calendars, pocket planners, diaries, correspondence, memoranda, photos, emails, reports, minutes, notes, records, contracts, proposals, airline tickets, checks, bills, receipts, telegrams, calendar invites, computer tapes, computer disks, data processing program coding sheets, computer storage of any type, social media posts, posts on any website, and computer printouts in any form and papers of any character—whether sent or received. In addition, the term "document" encompasses all copies of any material referenced herein that are not identical duplicates of the originals (*e.g.*, duplicates that contain handwritten or

any other type of notes or similar information thereon or attached thereto including, without limitation, alpha-numeric coding and markings on slips indicating the routing of a document to individuals or organizations); all copies thereof maintained in a different documentary form (e.g., microfilm or any other means of electronic or photographic storage, as opposed to hard copy); material that otherwise has been photographically or electronically recorded; and things similar to any of the foregoing, regardless of their author or origin, of any kind.

A reference to any one or more of these types of documents shall be construed to include all other types of documents without limitation.

8. "Relate" or "Relating to" shall mean pertaining to, recording, evidencing, concerning, containing, setting forth, revealing, reflecting, referring to, showing, disclosing, describing, explaining, or summarizing.

9. The term "Lawsuit" refers to the civil action captioned *Jake Galloway, individually and on behalf of a class of all persons and entities similarly situated v. E Mortgage Capital, Inc.*. docketed in the United States District Court for the Eastern District of Pennsylvania, bearing Case No. 2:25-cv-07205-NIQA.

**DOCUMENTS TO BE PRODUCED**

1. Your entire file, with the exception of privileged communications with your attorney, related to all telephone calls placed or received using the "GoHighLevel" CRM platform by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers from January 1, 2021, to the present.

2. All documents relating to, containing, or otherwise referencing telephone calls placed or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

3. All data containing information relating to, containing, or otherwise referencing telephone calls placed by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

4. All documents relating to or displaying codes or notes pertaining to the disposition or result of any telephone calls placed or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

5. Your entire file, with the exception of privileged communications with your attorney, related to all text messages sent or received using the "GoHighLevel" CRM platform by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers from January 1, 2021, to the present.

6. All documents relating to, containing, or otherwise referencing all text messages sent or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

7. All data containing information relating to, containing, or otherwise referencing all text messages sent or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

8. All documents relating to or displaying codes or notes pertaining to the disposition or result of any text messages sent or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the "GoHighLevel" CRM platform from January 1, 2021, to the present.

9. If not within your possession, the current location of all documents, records, or information relating to all telephone calls placed or received by E Mortgage Capital, Inc., or any

of its employees, agents, or loan officers on the “GoHighLevel” CRM platform from January 1, 2021, to the present.

10. If not within your possession, the current location of all documents, records, or information relating to all text messages sent or received by E Mortgage Capital, Inc., or any of its employees, agents, or loan officers on the “GoHighLevel” CRM platform from January 1, 2021, to the present.

DLS DEMOVSKY LAWYER SERVICE
Premier Nationwide Document Retrieval and Process Service Company
800-443-1058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
----------------------------------------------------X
JAKE GALLOWAY,

Plaintiff,

v.

E MORTGAGE CAPITAL, INC.,

Defendant.
----------------------------------------------------X

Civil Action No. 2:25-cv-07205- NIQA

AFFIDAVIT OF SERVICE

STATE OF OHIO )
S.S.:
COUNTY OF Franklin

**ERIKA CREMEANS**, being duly sworn, deposes and says that she is over the age of eighteen years, is an agent of the attorney service, D.L.S., INC., and is not a party to this action.

That on the 5 day of October, 2026, at approximately 6:35 pm, deponent served a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION AND EXHIBIT A** upon **INNOVATED FUNDING LLC,** c/o Daniel Holloway at 7902 Old Oak Lane, Dublin, OH 43017, by personally delivering and leaving the same with **DANIEL HOLLOWAY,** who is an Authorized Agent and is authorized to receive service at that address.

**DANIEL HOLLOWAY** is a brown skin male, approximately 40-45 years of age, stands approximately 5 feet 8 inches tall, and weighs approximately 190 pounds with black hair.

Erika Cremeans

**ERIKA CREMEANS**

Sworn to before me this
13th day of October, 2026

NOTARY PUBLIC

JEFFREY A CREMEANS
NOTARY PUBLIC
MY COMM. EXP. 06-14-2029
STATE OF OHIO

# 319740

D.L.S., Inc.
401 Broadway
Suite 808
New York, NY 10013
212-925-1220
www.dlsnational.com