# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAKE GALLOWAY**, individually, and on behalf of all others similarly situated, *Plaintiff,* | : | **CIVIL ACTION** |
| v. | : | **NO. 25-7205** |
| **E MORTGAGE CAPITAL, INC.**, *Defendant.* | : | |

## ORDER

**AND NOW**, this 20th day of November 2026, upon consideration of Plaintiff Jake Galloway's, ("Plaintiff"), *motion to compel responses to interrogatory No. 16 and request for production No. 5*, (ECF 18), and Defendant E Mortgage Capital's, ("Defendant"), response in opposition, (ECF 21), it is hereby **ORDERED** that, for the reasons set forth in the footnote, Plaintiff's motion to compel is **GRANTED**.[1] Accordingly, Defendant is to provide answers to Plaintiff's interrogatories by December 4, 2026.

---

[1] Plaintiff, individually and on behalf of others similarly situated filed this class action complaint against Defendant on December 12, 2025, averring that Defendant has engaged in unsolicited telemarketing tactics in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), which prohibits, *inter alia*, making unsolicited calls "using any automatic telephone dialing system or an artificial or prerecorded voice . . . ." 47 U.S.C. § 227(b)(1)(A).

In the complaint, Plaintiff alleges that on December 31, 2006, he registered his personal phone number on the National Do Not Call Registry. (ECF 1 at 5). Despite his efforts to avoid unwanted telemarketing calls, and over Plaintiff's objections in response to Defendant's communications, Plaintiff received two text messages and three calls from Defendant regarding its loan business. (*Id.* at 6-8). Plaintiff further avers that these messages and calls were artificial or prerecorded in nature. (*Id.* at 8). Defendant concedes that Plaintiff was never its customer, (*cf.*, ECF 1, ⁋ 26; ECF 10, ⁋ 26), and that all communications to Plaintiff's telephone were made by mistake or inadvertently. (ECF 14, ex. 1 at 6; ECF 12, at 2).

On March 24, 2026, the parties submitted their Joint Rule 26(f) Report and discovery plan. (ECF 12). Thereafter, on July 29, 2026, Plaintiff filed a motion to compel production of calling data to identify putative class members, (ECF 14), which was granted on September 23, 2026. (ECF 23). Therein, Defendant was ordered to produce the data by September 30, 2026, a deadline that was later extended to October 26, 2026. (ECF 27). As of the date of this Order, Defendant has not produced the data requested.

---

In the underlying motion, Plaintiff moves to compel Defendant to answer an interrogatory and produce documents responsive to the request concerning prior complaints about the telemarketing conduct alleged here. (ECF 18 at 14). Specifically, the interrogatory asks Defendant to identify litigation, arbitrations, and pre-suit complaints alleging TCPA or telemarketing violations through a set time period. (*Id.*). The request for production requires Defendant to produce complaints and do-not-call requests concerning allegedly unlawful and/or unauthorized outbound calls made by Defendant or its vendors, as well as Defendant's responses and related internal communications. (*Id.*).

In response to the motion to compel, Defendant objects to the requests as principally directed to the class allegations — which would be disproportional to the needs of the individual claim before class certification — and that the requests run afoul of Defendant's privacy obligations. (*See* ECF 18). Defendant's argument is unpersuasive and lacks merit.

Class actions are guided by Federal Rule of Civil Procedure ("Rule") 23 which require the representative plaintiff to support a finding that the class is so numerous, the question of law or fact is common to the class, the claims or defenses of the representative party are typical of the class, and the representative party will fairly and adequately protect the interest of the class. Notably, Rule 26 addresses the parties' duty to disclose and the general provisions of discovery. Fed. R. Civ. P.23(a).

Under Rule 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Federal Rules of Evidence 401, defines relevant evidence (information) as evidence that "has any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "In this district, courts have determined that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case." *In re Lincoln Natl. COI Litig.*, 2019 WL 5073573, at *2 (E.D. Pa. July 19, 2019) (quotation marks omitted).

Further, under Rule 37, a requesting party may compel discovery if the responding party fails to produce all responsive documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). The "party seeking discovery has the burden of showing the information sought is relevant to the subject matter of the action, while the party resisting discovery has the burden of clearly explaining its objections and providing the support thereto. *Supermedia LLC v. Morley*, 2013 WL 12249489, at *2 (E.D. Pa. Sept. 5, 2013) (citations omitted). "The onus is on the party objecting to discovery to state the grounds for the objection with specificity," and "[m]ere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Harcum v. LeBlanc*, 268 F.R.D. 207, 210 (E.D. Pa. July 15, 2010) (quotation marks omitted). "[O]nce the objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26." (*Id.*). If he does, "the party opposing discovery must convince the court why discovery should not be had." (*Id.*).

Here, Plaintiff argues that the interrogatory and request for production are relevant to class certification and to the merits of his own claim. The claims against Defendant, and Defendant's subsequent actions in response to those complaints, can plausibly help identify what calls — if any — were unauthorized or automated. This information is relevant to determine the numerosity and typicality requirements of Rule 23(a) and Defendant's willingness or not to abide by the TCPA. *See Krakauer v. Dish Network*, L.L.C., 925 F.3d 643 (4th Cir. 2019) (affirming a jury verdict to a class action suit arising from a TCPA violation which considered the defendant's history of receiving prior complaints, their responses to those complaints and settlements of such lawsuits).

Failure to comply with this Order may result in sanctions, upon application.

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In his opposition, Defendant's also argues against the proportionality of Plaintiff's request. This Court is not persuaded by Defendant's arguments on proportionality and finds no meaningful distinction from this motion and the motion granted in *Hoy v. Medicare Health Advisors LLC*, No. 4:25-CV-00207-RGE-HCA, 2026 WL 1850641 (S.D. Iowa Feb. 17, 2026). Therein, the Honorable Helen C. Adams, considered the burden of production on a defendant served with a similar request for production and found that, if tailored to an appropriate time period, the request was appropriate at this stage of litigation. (*Id.* at *2). Here, Plaintiff's requests are explicitly tailored to a defined time period (the "Relevant Time Period"). (ECF 18-1, at 8). Defendant contends that the request exceeds what is needed to prove Plaintiff's individual claim. (ECF 21). Perhaps, but this request is still proportional to the numerosity and typicality requirements that Plaintiff must prove under Rule 23(a) and Plaintiff's burden to disprove Defendant's willingness to abide by the TCPA.

As to Defendant's concerns for the privacy of non-parties, this Court adopts its same reasoning from its previous order compelling production. (*See* ECF 23). As explained therein, an ESI protocol is available here, and the parties have already agreed to one as part of their discovery plan. (ECF 12 at 4). Furthermore, this Court does not find the data requested within the request for production to be any more sensitive than other information already provided by Defendant. To the extent that the data produced from the request will yield sensitive data, the Joint Rule 26(f) Report stipulates that the Parties have already contemplated a confidentiality protective order. (*Id.*). This Court agrees that a confidentiality designation and/or a protective order will fully address any legitimate and legal concerns as to the privacy interests of non-parties.

For the reasons set forth, this Court finds that the request for production and the response to the interrogatory appropriate under Rule 26 and are related to the numerosity and typicality requirements of Rule 23(a). Accordingly, the motion to compel is granted.